**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CASE NO. 3:19-cr-00001-TJC-PDB

**UNITED STATES OF AMERICA,**
    **Plaintiff,**

v.

**JOHN R. NETTLETON,**
    **Defendant.**
_____/

## MOTION TO EXCLUDE THE INDICTMENT FROM BEING GIVEN TO JURORS

Defendant JOHN R. NETTLETON, by and through undersigned counsel, files this motion and states in support:

1. Defendant is charged in a 36-page, ten-count indictment.

2. The indictment includes extensive details about the Government's allegations, as well as information about a number of Navy rules and regulations, the Uniform Code of Military Justice, and other matters.

3. The lengthy indictment is what can be referred to as a "speaking indictment" in that it goes beyond merely reciting the bare-bones facts necessary to meet the elements of the charged offense, but instead gives substantial play-by-play details of the Government's allegations.

4. Allowing the jurors to receive a copy of the indictment provides the Government an unfair advantage over Defendant, in that the jurors are presented with a one-sided recitation of the prosecution's case which they can review and refer back to when deliberating.

5. As a result, this Court should refuse to give the jurors a copy of the indictment at any time in the course of the trial or the jurors' deliberations.

## MEMORANDUM OF LAW

Although not mandatory, courts often allow jurors to have copies of the indictment during trial or deliberations so long as cautionary instructions are given stating that the indictment is not evidence. *See, e.g., United States v. Warner,* 638 Fed.Appx. 961 (11th Cir. 2016) (unpublished). While permissible, giving the indictment to jurors at any stage is an unnecessary, unfair, and prejudicial practice.

The indictment is one party's - the Government's - account of the disputed events. Having a written statement of its views in the jury room is a significant procedural advantage available only to the Government. Defendant, of course, does not have the option of giving the jurors a written summary of his defense. The present indictment is especially troubling because it includes not only a very detailed roadmap of the Government's allegations, but also information about various Navy and military rules and regulations which Defendant purportedly violated (much of which is not necessary for the jury to consider for purposes of determining whether Defendant is guilty of the charged offenses).

The Second Circuit has explained why not all judges allow the indictment to go back to the jury room:

> particularly when the indictment does not merely state the statutory charges against the defendant, but additionally contains a running narrative of the government's version of the facts of the case, including detailed allegations of facts not necessary for the jury to find in order to address the elements of the charged offenses. In most cases, the judge's instructions regarding the issues to be addressed by the jury and the elements of the offenses charged, which may include a reading of the legally effective portions of the indictment, will more than suffice to apprise the jury of the charges before them.

*United States v. Esso,* 684 F.3d 347, 352 n. 5 (2d Cir. 2012).

There really is no need for the jurors to be provided with a copy of the indictment. A written copy of the jury instructions is a perfectly reasonable substitute for the indictment, and in no way prejudices either party. The Government should not be afforded the advantage of having the indictment it wrote presented to the jurors. Accordingly, this Court should refrain from providing the jurors with a copy of the indictment at any point of trial or deliberations.

WHEREFORE, Defendant requests for this Court to grant this motion and enter an order stating that it will not provide the jurors with a copy of the indictment in this case.

Submitted on July 22, 2019, by

s/ Daniel Schwarz
Daniel Schwarz
Fla. Bar No. 84665
Daniel Schwarz, P.A.
245 SE 1st Street, Suite 404
Miami, FL 33131
Phone: (305) 557-4671
Fax: (305) 503-6973
Daniel@danielschwarzlaw.com

Terence Lenamon
Fla. Bar No. 970476
Terence Lenamon, P.A.
245 SE 1st Street, Suite 404
Miami, FL 33131
Phone: (305) 373-9911
Fax: (305) 503-6973
terry@lenamonlaw.com

Colby C. Vokey
Texas Bar No. 24043391
The Law Firm of Colby Vokey PC
6924 Spanky Branch Court

Dallas, Texas 75248<br>
(214) 697-0274<br>
(214) 594-9034 Fax<br>
vokeylaw@colbyvokey.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2019, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF, and thereby served on all interested parties.

s/ Daniel Schwarz

Daniel Schwarz