UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO. 3:19-cr-00001-TJC-PDB

**UNITED STATES OF AMERICA,**
    **Plaintiff,**

v.

**JOHN R. NETTLETON,**
    **Defendant.**
_____/

### MOTION TO STRIKE THE THEORY THAT A DEPARTMENT OF THE NAVY INVESTIGATION IS AN "OFFICIAL PROCEEDING" UNDER 18 U.S.C. § 1512(c)(2)

Defendant JOHN R. NETTLETON, by and through undersigned counsel, files this Motion to Strike requesting the Court to prohibit the Government from arguing that a Department of the Navy investigation is an "official proceeding" at trial, and states the following in support:

Count Two of the indictment alleges that Defendant, in violation of 18 U.S.C. § 1512(c)(2), and 2, "did corruptly obstruct, influence, and impede official proceedings, that is, the Department of the Navy investigation into the circumstances surrounding the disappearance, injury, and death of Tur, a Department of the Navy court martial, and a Federal grand jury proceeding …"

18 U.S.C. § 1512(c)(2), provides that "Whoever corruptly ... obstructs, influences, or impedes any official proceeding, or attempts to do so, shall be fined under this title or imprisoned not more than 20 years, or both." The definition of "official proceeding is found in 18 U.S.C. § 1515, which states in pertinent part that an "official proceeding" includes:

1

> **(A)** a proceeding before a judge or court of the United States, a United States magistrate judge, a bankruptcy judge, a judge of the United States Tax Court, a special trial judge of the Tax Court, a judge of the United States Court of Federal Claims, or a Federal grand jury
>
> **(B)** a proceeding before the Congress
>
> **(C)** a proceeding before a Federal Government agency which is authorized by law

18 U.S.C. § 1515(a)(1).

In *United States v. Young*, 916 F.3d 368 (4th Cir. 2019), the court recently held that an FBI investigation is not an "official proceeding" under 18 U.S.C. § 1512(c)(2). This is because

> "the use of the preposition "before" in conjunction with "Federal Government agency" implies "some formal convocation of the agency in which parties are directed to appear, instead of any informal investigation conducted by any member of the agency." *United States v. Ermoian*, 752 F.3d 1165, 1171 (9th Cir. 2013) (citing *United States v. Ramos*, 537 F.3d 439, 462–63 (5th Cir. 2008)).

*United States v. Young*, 916 F.3d at 384.

The Fourth Circuit subsequently noted that the "same logic equally applies" to an investigation by the U.S. Attorney's office, "meaning that its investigation was not an official proceeding." *United States v. Sutherland,* 921 F.3d 421, 425 – 426 (4th Cir. 2019). An official proceeding "implies something more formal than a mere investigation." *Id.* at 426; *see also United States v. Dunn,* 434 F.Supp.2d 1203 (M.D. Alabama May 31, 2006) (finding than an ATF investigation is not an "official proceeding" under 18 U.S.C. § 1512(c)).

Likewise, the same logic applies to a Department of Navy investigation; it is not an "official proceeding" under § 1512(c)(2). A Navy investigation does not fit any of the definitions of "official proceeding" under § 1515(a)(1). The Navy investigation that Defendant purportedly obstructed was not some formal convocation of the agency in which he was directed to appear. Accordingly, this Court should prohibit the Government from arguing to the jury that a

Department of the Navy investigation constitutes an "official proceeding" under § 1512(c)(2), and that Defendant can be convicted of violating § 1512(c)(2) for corruptly obstructing, influencing, and impeding a Department of the Navy investigation.

Additionally, the Court should strike the inclusion of "Department of the Navy investigation" from Count Two of the indictment, as such would unfairly prejudice Defendant and confuse the jury into believing that Defendant could be found guilty of obstructing a Department of the Navy investigation. "Upon the defendant's motion, the court may strike surplusage from the indictment or information." Fed. R. Crim. Proc. 7(d).

WHEREFORE, Defendant requests for this Court to grant this motion and enter an order prohibiting the Government from arguing to the jury that a Department of the Navy investigation is an official proceeding and that Defendant can be convicted of obstructing such an investigation, and striking the inclusion of "Department of the Navy investigation" from the indictment.

Submitted on July 22, 2019, by

s/ Daniel Schwarz
Daniel Schwarz
Fla. Bar No. 84665
Daniel Schwarz, P.A.
245 SE 1st Street, Suite 404
Miami, FL 33131
Phone: (305) 557-4671
Fax: (305) 503-6973
Daniel@danielschwarzlaw.com

Terence Lenamon
Fla. Bar No. 970476

Terence Lenamon, P.A.
245 SE 1st Street, Suite 404
Miami, FL 33131
Phone: (305) 373-9911
Fax: (305) 503-6973
terry@lenamonlaw.com

Colby C. Vokey
Texas Bar No. 24043391
The Law Firm of Colby Vokey PC
6924 Spanky Branch Court
Dallas, Texas 75248
(214) 697-0274
(214) 594-9034 Fax
vokeylaw@colbyvokey.com

CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2019, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF, and thereby served on all interested parties.

s/ Daniel Schwarz

Daniel Schwarz