**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**CASE NO. 3:19-cr-00001-TJC-PDB**

**UNITED STATES OF AMERICA,**
    **Plaintiff,**

v.

**JOHN R. NETTLETON,**
    **Defendant.**
_____/

**MOTION TO DISMISS COUNT ONE OR TWO, OR TO REQUIRE THE GOVERNMENT TO ELECT AMONGST THOSE COUNTS, AND TO DISMISS COUNTS THREE THROUGH TEN**

Defendant JOHN R. NETTLETON, by and through undersigned counsel, files this motion to dismiss and states the following in support:

1. Defendant is charged by indictment with:

    - Count One, Obstruction of Justice, for knowingly engaging in misleading behavior toward another person with the intent to hinder, delay, and prevent the communication to agents of the Navy Criminal Investigative Service (NCIS) and members of the Naval Station Guantanamo Bay's Security Department, information relating to the commission and possible commission of a federal offense, and attempt to do so, in violation of 18 U.S.C. § 1512(b)(3), and 2;

    - Count Two, Obstruction of Justice, for corruptly obstructing, influencing, and impeding official proceedings of the Department of the Navy investigation into the circumstances surrounding the disappearance, injury, and death of Christopher Tur,

1

a Department of Navy court martial, and a Federal grand jury proceeding, in violation of 18 U.S.C. § 1512(c)(2), and 2;

- <u>Count Three, Concealment of Material Facts</u>, for knowingly and willfully falsifying, concealing, and covering up by trick, scheme, and device, a material fact, during the investigation by the Navy, with the intent to falsify and conceal the facts he knew about the circumstances surrounding the disappearance, injury, and death of Tur, in violation of 18 U.S.C. § 1001(a)(1), and 2;

- <u>Count Four, Falsification of Records</u>, for knowingly concealing, covering up, falsifying, and making false entries in records and documents, that is a Navy Blue communication sent to Navy officials, with the intent to impede, obstruct, and influence the investigation and proper administration of the Department of the Navy investigation into the circumstances surrounding the disappearance, injury, and death of Tur, in violation of 18 U.S.C. § 1519, and 2;

- <u>Count Five, Falsification of Records</u>, for knowingly concealing, covering up, falsifying, and making false entries in records and documents to his superior officers with the intent to impede, obstruct, and influence the investigation and proper administration of the Department of the Navy investigation into the circumstances surrounding the disappearance, injury, and death of Tur, in violation of 18 U.S.C. § 1519, and 2; and

- <u>Counts Six through Ten</u>, False Statements, for willfully and knowingly making false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the Executive Branch of the United States Government, in violation of 18 U.S.C. § 1001(a)(2).

2. Counts One and Two contain the exact same factual allegations which purportedly support each obstruction charge.

3. Although there are fewer factual allegations in Count Three, each and every one of these factual allegations is already alleged in Counts One and Two.

4. The factual allegation in Count Four (false entries in a Navy Blue communication concerning the disappearance, injury, and death of Tur) is also alleged in Counts One, Two, and Three.

5. The factual allegation in Count Five (false entries in emails to Admiral M.J. and Captain C.G. concerning the disappearance, injury, and death of Tur) is alleged in Counts One, Two, and Three.

6. The factual allegation in Count Six (materially false statement to CDO A.T. that Tur was last seen at the Officer's Club/Bayview) is also alleged in Counts One, Two, and Three.

7. The factual allegation in Count Seven (false statement in email to Admiral M.J. and Captain C.G. that Tur was last seen at the Officer's Club/Bayview) is also alleged in Counts One, Two, and Three, and additionally is encompassed within the allegation in Count Five.

8. The factual allegation in Count Eight (false statement to XO A.R. that Tur didn't come to Defendant's residence on January 9, 2015) is also alleged in Counts One, Two, and Three.

9. The factual allegation in Count Nine (false statement to XO A.R. that Tur had come to Defendant's residence on January 9, 2015, but that he didn't come inside) is also alleged in Counts One, Two, and Three.

10. The factual allegation in Count Ten (false statement to Admiral M.J. and Captain C.G. that Defendant and Tur's spouse weren't having an affair) is also alleged in Counts One and Two.

11. Thus, there are no factual allegations in any of the other counts which aren't alleged in Counts One and Two.

12. The Government shouldn't be permitted to present the case to the jury in a way that alleges that Defendant committed numerous different crimes for the exact same conduct. Doing so gives the Government a second, third, fourth, etc. bite at the very same apple.

13. Additionally, Counts Six through Nine are lesser included offenses of Count Three, and thus Counts Six through Nine should be dismissed accordingly.

14. Therefore, the Court should dismiss Count One or Two, or require the Government to elect whether to proceed on Count One or Two, and to dismiss Counts Three through Ten.

## **MEMORANDUM OF LAW**

**I.     COUNTS ONE THROUGH TWO ARE MULTIPLICITOUS, AND THE COURT SHOULD DISMISS COUNT ONE OR TWO, OR ORDER THE GOVERNMENT TO CHOOSE BETWEEN THOSE COUNTS, AND DISMISS COUNTS THREE THROUGH TEN**

Multiplicity is charging a single offense in more than one count in an indictment. *United States v. Howard*, 918 F.2d 1529, 1532 (11th Cir. 1990). The test for multiplicity is "whether each provision requires proof of a fact which the other does not." *Id*. at 1533 (*quoting Blockburger v. United States*, 284 U.S. 299, 304 (1932)). Although the principal vice of a multiplicitous indictment is that multiple sentences may result, a second vice is that a multiplicitous indictment improperly suggests to the jury that the defendant committed more than one crime. *United States v. Langford*, 946 F.2d 798, 804 (11th Cir. 1991); *United States v. Smith*, 231 F.3d 800, 815 (11th Cir. 2000). "A multiplicitous indictment therefore violates the principles of double jeopardy because it gives the jury numerous opportunities to convict the defendant for the same offense." *United States v. Williams*, 527 F.3d 1235, 1241 (11th Cir. 2008).

As a result, Rule 7 of the Federal Rules of Criminal Procedure is "intended to discourage" the pleading of multiplicitous counts. C. Wright, Federal Practice and Procedure: Criminal 2d, § 142 (1982). Where multiplicity is found, the district court has the power to direct the government to elect prior to trial as to the count or counts on which it will proceed, and to dismiss the multiplicitous counts. *United States v. Smith*, 591 F.2d 1105, 1108 (5th Cir. 1979). While "the prosecution has broad discretion in bringing criminal cases … the district court has discretion in deciding whether to require the prosecution to elect between multiplicitous counts especially when the mere making of the charges would prejudice the defendant with the jury." *United States v. Throneburg*, 921 F.2d 654, 657 (6th Cir.1990) (citation and quotations omitted).

Here, the Government has alleged that Defendant committed the exact same acts in Counts One and Two, and portions of that same conduct in Counts Three through Ten. There are no acts alleged in Counts Three through Ten that are not already encompassed by Counts One and Two. The Government shouldn't be able to argue to the jury that Defendant committed ten separate crimes based on the exact same course of conduct which the Government could charge in one single count. The manner in which the Government has charged Defendant raises the risk of jury confusion and a compromised verdict.

Therefore, this Court should dismiss Count One or Two, or order the Government to elect to proceed on either Count One or Count Two and dismiss the remaining count, and the Court should dismiss Counts Three through Ten.

**II.    THE CHARGES IN COUNTS SIX THROUGH NINE ARE LESSER INCLUDED OFFENSES OF COUNT THREE, AND COUNTS SIX THROUGH NINE SHOULD THUS BE DISMISSED**

Count Three charges Defendant with violating 18 U.S.C. § 1001(a)(1), and Counts Six through Nine charge Defendant with violating 18 U.S.C. § 1001(a)(2). As noted above, each of the factual allegations in Counts Six through Nine are already alleged in Count Three.

18 U.S.C. § 1001(a)(1) is violated when a person "in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully … falsifies, conceals, or covers up by any trick, scheme, or device a material fact."

18 U.S.C. § 1001(a)(2) is violated when a person "in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully … makes any materially false, fictitious, or fraudulent statement or representation."

The Seventh Circuit has stated that there are

> five elements of a "false statements" charge under § 1001(a)(2), which, stated more generally, also apply to a scheme to conceal a material fact prohibited by § 1001(a)(1): (1) the defendant must make a statement, or have a duty to disclose the information; (2) the statement must be false, or there must be acts amounting to concealment; (3) the statement or concealed facts must be material; (4) the person must make the statement or conceal the facts knowingly and willfully; and (5) the statement or concealed information must concern a matter within the jurisdiction of a federal department or agency.

*United States v. Moore,* 446 F.3d 671, 677 (7th Cir. 2006).

For purposes of Defendant's case, the only meaningful distinction between these two § 1001 subsections is that (a)(1) requires concealment of the material fact to be done by trick, scheme, or device, and (a)(2) does not; each subsection effectively requires the Government to prove that Defendant willfully and knowingly made false statements. In Defendant's case, based on the way these offenses are charged in Counts Three and Six through Nine of the indictment, § 1001(a)(2) is a lesser included offense to § 1001(a)(1).

Specifically, the factual allegation in Count Six is alleged in Count Three subsection (a); the factual allegation in Count Seven is alleged in Count Three subsection (f); the factual

6

allegation in Count Eight is alleged in Count Three subsection (b); and the factual allegation in Count Nine is alleged in Count Three subsection (c). Since Counts Six through Nine are merely lesser included offenses of Count Three, this Court should dismiss them.

WHEREFORE, Defendant requests that this Court dismiss Count One or Two, or order the Government to elect amongst those counts, and to dismiss Counts Three through Ten; alternatively, Defendant requests for Counts Six through Nine to be dismissed as lesser included offenses of Count Three.

Submitted on July 22, 2019, by

s/ Daniel Schwarz
Daniel Schwarz
Fla. Bar No. 84665
Daniel Schwarz, P.A.
245 SE 1st Street, Suite 404
Miami, FL 33131
Phone: (305) 557-4671
Fax: (305) 503-6973
Daniel@danielschwarzlaw.com

Terence Lenamon
Fla. Bar No. 970476
Terence Lenamon, P.A.
245 SE 1st Street, Suite 404
Miami, FL 33131
Phone: (305) 373-9911
Fax: (305) 503-6973
terry@lenamonlaw.com

Colby C. Vokey
Texas Bar No. 24043391
The Law Firm of Colby Vokey PC
6924 Spanky Branch Court

>Dallas, Texas 75248
>(214) 697-0274
>(214) 594-9034 Fax
>vokeylaw@colbyvokey.com

### CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2019, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF, and thereby served on all interested parties.

>s/ Daniel Schwarz
>Daniel Schwarz