**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.  Case No. 3:19-cr-1-J-32PDB

JOHN R. NETTLETON

### O R D E R

This Case is before the Court on Defendant John Nettleton's six pre-trial motions, (Docs. 31, 32, 33, 34, 35, 36), and the Government's Omnibus Response thereto, (Doc. 43). On September 18, 2019, the Court held a hearing on the motions, the record of which is incorporated herein.

For the reasons stated on the record, it is hereby

**ORDERED:**

1. Nettleton's Motion Requesting Leave to File Proposed Jury Questionnaire and Motion for Individual Voir Dire on Issues of Pre-trial Publicity and Bias and Prejudice Concerning Military Issues, (Doc. 31), is **DENIED without prejudice**. Issues concerning individual voir dire, the use of a questionnaire, and questioning by the lawyers directly should be raised with Judge Barksdale at the appropriate time.

2. Nettleton's Motion to Exclude the Indictment from being given to Jurors, (Doc. 32), is **GRANTED**.

3. Nettleton's Motion to Strike the Theory that a Department of the Navy Investigation is an "Official Proceeding" under 18 U.S.C. § 1512(c)(2), (Doc. 33), with the Government's consent, is **GRANTED**. The Court strikes the following language from Paragraph 63 of the indictment (Doc. 1): "the Department of the Navy investigation into the circumstances surrounding the disappearance, injury, and death of Tur,".

4. For the reasons stated on the record, Nettleton's Motion to Dismiss Count One or Two, or to Require the Government to Elect Amongst Those Counts, and to Dismiss Counts Three Through Ten, (Doc. 34), is **DENIED**.

5. Nettleton's Motion to Suppress, (Doc. 35), is **taken under advisement**. The Court will issue a separate written opinion ruling on the motion.

6. Nettleton's Motion in Limine, (Doc. 36), is **GRANTED in part, DENIED in part, and deferred in part**.

    a. Nettleton's motion to preclude the Government from introducing testimony from C.D. that the paper towel he found looked as though it was used for cleaning up blood and not pressed against a wound, (Doc. 36 at 1–2), is **deferred**.

    b. Nettleton's motion to preclude the government from presenting testimony of evidence that blood was discovered on the handrails outside Nettleton's residence, (Doc. 36 at 2–3), with the Government's consent,

is **GRANTED in part without prejudice**. The Government is precluded from introducing testimony or evidence concerning swabs D1 through D4 as indicated on page 1 of the Excerpt of Forensic Report (Doc. 43-5) attached to the Government's Ominbus Response. However, if the Government's review of its evidence reveals findings different from those discussed at the hearing, it may seek permission to introduce such evidence.

      c.      Nettleton's motion to preclude the Government from introducing evidence that blood was discovered based solely on the use of Bluestar, (Doc. 36 at 3), is **deferred**.

      d.      Nettleton's motion to preclude the Government from making any statements or implying that Nettleton killed Tur, or statements that because of Nettleton's actions no one will know what happened to Tur, (Doc. 36 at 3), is **GRANTED** as to statements implying that Nettleton killed Tur, but is otherwise **deferred**.

      e.      Nettleton's motions to preclude the Government from introducing evidence that Nettleton had an affair with K.B., to preclude the Government from introducing evidence that Nettleton's son destroyed his cell phone, and to preclude the Government from introducing testimony from Captain D.D. that Nettleton was speaking as if Tur were already dead, (Doc. 36 at 4–5), with the Government's consent, are **GRANTED without prejudice**.

7. Not later than **October 18, 2019**, the Government shall file a brief statement explaining the bases for venue and jurisdiction.

8. Not later than **December 6, 2019**, the parties shall provide:

a. Proposed Jury Instructions and verdict forms. To the greatest extent possible, the parties should work to provide one set of joint instructions.

b. Copies of Federal Rule of Criminal Procedure 16 expert reports for any experts that are expected to testify at trial.

c. A statement of any other matters or issues that require the Court's pretrial attention.

9. The Final Pretrial Conference will be held on **December 16, 2019 at 2 p.m.** before the undersigned in Courtroom 10D, Tenth Floor, United States Courthouse, 300 North Hogan Street, Jacksonville, Florida 32202. **Defendant is required to attend**.

10. Jury Selection will begin on **January 6, 2020 at 10:00 a.m.** in Courtroom 10D, Tenth Floor, United States Courthouse, 300 North Hogan Street, Jacksonville, Florida 32202.

11. Both parties having consented at the hearing, The Honorable Patricia D. Barksdale, United States Magistrate Judge will conduct the jury selection in this case. Judge Barksdale will set separate deadlines for any materials she requires for jury selection.

12. The trial will begin before the undersigned immediately following the completion of jury selection.

**DONE AND ORDERED** in Jacksonville, Florida this 20th day of September, 2019.

*[signature]*

TIMOTHY J. CORRIGAN
United States District Judge

jb
Copies:
The Honorable Patricia D. Barksdale
United States Magistrate Judge

Counsel of Record
U.S. Probation
U.S. Pretrial Services
U.S. Marshals Service
Defendant