UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:19-cr-00001-TJC-PDB |
| | ) | |
| JOHN R. NETTLETON, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT PROPOSED JURY INSTRUCTIONS**

The United States of America and the Defendant, by and through counsel of record, submits the following joint proposed Jury Instructions.  The parties request that the jury be instructed using the following standard instructions from the Eleventh Circuit Pattern Jury Instructions (Jan. 2019):

| Gov. Instr. No. | Instruction No. | Description |
|---|---|---|
| 1 | Basic No. B2.1/B2.2 | The Duty to Follow Instructions and the Presumption of Innocence/ The Duty to Follow Instructions and the Presumption of Innocence when a Defendant does not Testify |
| 2 | Basic No. B3 | Definition of Reasonable Doubt |
| 3 | Basic No. B4 | Consideration of Direct and Circumstantial Evidence |
| 4 | Basic No. B5 | Credibility of Witnesses |

1

| 5 | Basic No. B6.1 | Impeachment of Witnesses because of Inconsistent Statements (if applicable) |
| 6 | Basic No. 7 | Expert Witnesses |
| 7 | Basic No. B9.1A | On or About (only) |
| 14 | Special Instr. No. 7 | Aiding and Abetting; Agency |
| 15 | Basic No. B10.2 | Caution – Punishment (Single Defendant, Multiple Counts) |
| 16 | Basic No. 11 | Duty to Deliberate |
| 16 | Basic No. 12 | Verdict |

The parties further request that the jury be instructed using the following offense-specific instructions. Citations to authority supporting the instructions are included in brackets.  Where the parties disagree about the proposed text, a set of double-brackets are in place around the contested section and a footnote explains the disagreement.

## <u>REQUESTED JURY INSTRUCTION NO. 8</u>

**B8 (Modified)**
**Introduction to Offense Instructions**

The indictment charges ten (10) separate crimes, called "counts," against the Defendant. Each count has a number.  I will explain the law governing each of these counts.

3

## <u>REQUESTED JURY INSTRUCTION NO. 9</u>

### Obstruction of Justice
### 18 U.S.C. §§ 1512(b)(3), 2
### Count 1

It's a Federal crime for anyone to obstruct justice by knowingly engaging in misleading conduct toward another person with the intent to hinder, delay, and prevent the communication to federal law enforcement officers information relating to the commission or possible commission of a federal offense.

Count One charges the Defendant with knowingly engaging in misleading behavior towards another person with the intent to hinder, delay, and prevent the communication to law enforcement officers, that is, agents of the Navy Criminal Investigative Service and members of the Naval Station Guantanamo Bay's Security Department, information relating to the commission and possible commission of a federal offense, [[[1]by, among other things:

    a.    Making false and misleading statements to Navy personnel searching for Christopher Tur ("Tur") and investigating his disappearance and death, such as Command Duty Officer Anthony Thibodeaux, that Tur was last seen at the Officer's Club/Bayview on or about January 9, 2015;

    b.    Making false and misleading statements to Navy personnel, such as Executive Officer Alonza Ross, that Tur had not come to the

---

[1] The Government submits that this bracketed portion should be in the jury instructions in order to provide the jury with the examples of the means by which the defendant could have committed the obstruction that were contained in Count One of the Indictment, especially since the Court has indicated it is unlikely to send the Indictment back to the jury during its deliberations. The Defendant believes these examples should not be listed in the jury instructions.

4

Defendant's residence on or about January 9, 2015 after the Hail and Farewell party at the Officer's Club/Bayview;

      c.    Making false and misleading statements to Navy personnel, such as Executive Officer Alonza Ross, that when Tur came to the Defendant's residence after the Hail and Farewell party on or about January 9, 2015, Tur did not come inside the residence;

      d.    Concealing from Navy personnel that on or about January 9, 2015, Tur came to the Defendant's residence after the Hail and Farewell party at the Officer's Club/Bayview, the Defendant and Tur engaged in a physical altercation inside the Defendant's residence, and that altercation resulted in Tur being injured;

      e.    Refusing the request by Navy personnel to use a U.S. Coast Guard helicopter in the search for Tur;

      f.    Knowingly permitting a Navy Blue communication providing false information about the last known location of Tur on or about January 9, 2015 to be sent to the Navy on or about January 10, 2015;

      g.    Making false and misleading statements to his superior officers, Captain Christopher Gray and Admiral Mary Jackson, orally and in written emails on or about January 10, 2015, January 11, 2015, and January 12, 2015 that the last place Tur was seen was the Officers Club/Bayview on or about January 9, 2015;

      h.    Concealing from his superior officers, Captain Christopher Gray and Admiral Mary Jackson, on or about January 10, 2015 and January 11, 2015 that Tur had gone missing on or about January 9, 2015 after attending a command event earlier in the evening, the Hail and Farewell party at the Officer's Club/Bayview for the incoming and outgoing executive officers, at which the Defendant had been present, that the Defendant and others at the party had been intoxicated, and that Tur had accused the Defendant of having an extramarital affair with Lara Tur in front of the Officer's Club/Bayview after the party;

      i.    Concealing from his superior officers, Captain Christopher Gray and Admiral Mary Jackson, on or about January 10, 2015, January 11, 2015, and January 12, 2015 that Tur came to the Defendant's

residence on or about January 9, 2015 after the Hail and Farewell party at the Officer's Club/Bayview;

     j.   Concealing from his superior officers, Captain Christopher Gray and Admiral Mary Jackson, that on or about January 9, 2015, the Defendant and Tur engaged in a physical altercation inside the Defendant's residence and that altercation resulted in Tur being injured;

     k.   Falsely stating to his superior officers, Captain Christopher Gray and Admiral Mary Jackson, that he had not engaged in an extramarital affair with Lara Tur; and

     l.   Encouraging Lara Tur to conceal from Navy investigators that she and the Defendant had engaged in an extramarital affair.]]

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)   the Defendant knowingly engaged in misleading conduct toward another person;

(2)   the Defendant acted with the intent to hinder, delay, or prevent the communication of information to a federal law enforcement officer of the United States; and

(3)   that such information related to the commission or possible commission of a federal offense.]]

[[[2]]]

---

2   The Defendant submits that the following should be inserted at this bracketed point: "If you do not unanimously agree as to what misleading conduct the Defendant knowingly engaged in, you cannot find him guilty."

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The term "misleading conduct" means any one of the following:

(1)     knowingly making a false statement; or

(2)     intentionally omitting information from a statement and thereby causing a portion of such a statement to be misleading, or intentionally

---

The Government submits that the Court's standard unanimity instruction is an accurate and sufficient statement of the law, and that the jury is not required to decide unanimously on the means by the Defendant engaged in obstructive conduct. As the Eleventh Circuit has held, "although a jury must decide unanimously that the government has proved each element of a crime, it need not agree unanimously as to which of several means the defendant used to commit each element." *United States v. Williams*, No. 18-10273, 2019 WL 3960199, at *9 (11th Cir. Aug. 22, 2019) (citing *Richardson v. United States,* 526 U.S. 813, 818 (1999)). In *Williams*, the defendant was convicted of bank fraud in violation of 18 U.S.C. § 1344 and false statement to a financial institution in violation of 18 U.S.C. § 1014, and argued that the district court erred in not instructing the jury that it must make a "unanimous finding on the precise false representation that gave rise to the findings of guilt" under both statutes. *Williams* at *8. The Eleventh Circuit, relying on *Richardson*, rejected this argument, stating that the jury "was not required to agree unanimously as to which of these factors constituted the false representation the government had to prove, as long as the jury unanimously concluded that Williams had made a false representation." *Id. See, e.g.*, *United States v. Adams*, 150 F. Supp. 3d 32 (D.D.C. 2015) (concluding that defendant was "not entitled to unanimity instruction on the particular means he employed to obstruct or impede the internal-revenue laws"); *United States v. Bikundi*, 2016 WL 912169, at *38 (D.D.C. Mar. 7, 2016) (upholding district court's refusal to issue a special unanimity instruction on the means defendant used to obstruct or impede internal revenue laws over a five-year period, noting that "[a] federal jury need not always decide unanimously which of several possible sets of underlying brute facts make up a particular element, say, which of several possible means the defendant used to commit an element of the crime") (quoting *Richardson v. United States,* 526 U.S. 813, 817 (1999)).

7

concealing a material fact, and thereby creating a false impression by
such statement.

(3)     with intent to mislead, knowingly submitting or inviting reliance on a
writing or recording that is false, forged, altered, or otherwise lacking in
authenticity; or

(4)     knowingly using a trick, scheme, or device with intent to mislead.

[18 U.S.C. § 1512(b)(3); 18 U.S.C. § 1515(a)(3) (definition of "misleading conduct");
Instr. B9.1A (definition of "knowingly"); Fed. Crim. Jury Instr. 7th Cir. 1512(b)(3)
(2019 ed.), (elements of a violation of § 1512(b)(3)); *United States v. Salman*, No. 6:17-
cr-18-Orl-40KRS, (M.D. Fla. 2018) (Dkt. 329, Instr. No. 11) (elements of a violation
of §1512(b)(3))].

As to the Defendant's intent to hinder, delay, or prevent the communication of
information to federal law enforcement officers, the Government must prove a
reasonable likelihood that the relevant communication would have been made to a
federal law enforcement officer; the Government must show that the likelihood of
communication to a federal law enforcement officer was more than remote,
outlandish, or simply hypothetical. [*See United States v. Fowler*, 131 S.Ct. 2045, 2052
(2011) (requiring reasonable likelihood in the context of the murder of a witness to
prevent communication to a federal law enforcement officer under § 1512(a)(1)(C),
which has nearly identical language to § 1512(b)(3)); *United States v. Guadalupe*, 402
F.3d 409 (3d Cir. 2005) (holding that to obtain a conviction under 18 U.S.C. §

8

1512(b)(3), the government must prove Defendant believed that the person targeted might communicate with federal authorities); *Salman*, No. 6:17-cr-18-Orl-40KRS (Dkt. 329, Instr. No. 11).]

The Government does not need to prove the Defendant knew the offense was a federal offense or that a federal investigation was either underway or imminent. [*See Fowler*, 131 S.Ct. at 2049-50; *Guadalupe*, 402 F.3d at 411 ("The Government need not prove that a federal investigation was either underway or imminent."); *Salman*, No. 6:17-cr-18-Orl-40KRS (Dkt. 329, Instr. No. 11).]

The term "federal law enforcement officer" means an officer or employee of the Federal Government, or a person authorized to act for or on behalf of the Federal Government or serving the Federal Government as an adviser or consultant— authorized under law to engage in or supervise the prevention, detection, investigation, or prosecution of an offense. [18 U.S.C. § 1515(a)(4).]

The term "using a trick, scheme, or device" means acting in a way intended to deceive others. [Pattern Crim. Jury Instr. 6th Cir. 13.01 (2017 ed.) (definition of "using a trick, scheme, or device" as an element of a violation of 18 U.S.C. § 1001(a)(1)).]

## REQUESTED JURY INSTRUCTION NO. 10

### Obstruction of Justice
### 18 U.S.C. §§ 1512(c)(2), 2
### Count 2

It's a Federal crime for anyone to corruptly obstruct, influence or impede any official proceeding, or attempt to do so.

Count Two charges the Defendant with corruptly obstructing, influencing, and impeding official proceedings, that is, a Department of the Navy court martial and a Federal grand jury proceeding, or attempting to do so [[[3]by, among other things:

   a.      Making false and misleading statements to Navy personnel searching for Christopher Tur ("Tur") and investigating his disappearance and death, such as Command Duty Officer Anthony Thibodeaux, that Tur was last seen at the Officer's Club/Bayview on or about January 9, 2015;

   b.      Making false and misleading statements to Navy personnel, such as Executive Officer Alonza Ross, that Tur had not come to the Defendant's residence on or about January 9, 2015 after the Hail and Farewell party at the Officer's Club/Bayview;

   c.      Making false and misleading statements to Navy personnel, such as Executive Officer Alonza Ross, that when Tur came to the Defendant's residence after the Hail and Farewell party on or about January 9, 2015, Tur did not come inside the residence;

   d.      Concealing from Navy personnel that on or about January 9, 2015, Tur came to the Defendant's residence after the Hail and

---

[3]      The Government submits that this bracketed portion should be in the jury instructions in order to provide the jury with the examples of the means by which the defendant could have committed the obstruction that were contained in Count Two of the Indictment, especially since the Court has indicated it is unlikely to send the Indictment back to the jury during its deliberations.  The Defendant believes these examples should not be listed in the jury instructions.

10

Farewell party at the Officer's Club/Bayview, the Defendant and Tur engaged in a physical altercation inside the Defendant's residence, and that altercation resulted in Tur being injured;

     e.    Refusing the request by Navy personnel to use a U.S. Coast Guard helicopter in the search for Tur;

     f.    Knowingly permitting a Navy Blue communication providing false information about the last known location of Tur on or about January 9, 2015 to be sent to the Navy on or about January 10, 2015;

     g.    Making false and misleading statements to his superior officers, Captain Christopher Gray and Admiral Mary Jackson, orally and in written emails on or about January 10, 2015, January 11, 2015, and January 12, 2015 that the last place Tur was seen was the Officer's Club/Bayview on or about January 9, 2015;

     h.    Concealing from his superior officers, Captain Christopher Gray and Admiral Mary Jackson, on or about January 10, 2015 and January 11, 2015 that Tur had gone missing on or about January 9, 2015 after attending a command event earlier in the evening, the Hail and Farewell party at the Officer's Club/Bayview for the incoming and outgoing executive officers, at which the Defendant had been present, that the Defendant and others at the party had been intoxicated, and that Tur had accused the Defendant of having an extramarital affair with Lara Tur in front of the Officer's Club/Bayview after the party;

     i.    Concealing from his superior officers, Captain Christopher Gray and Admiral Mary Jackson, on or about January 10, 2015, January 11, 2015, and January 12, 2015 that Tur came to the Defendant's residence on or about January 9, 2015 after the Hail and Farewell party at the Officer's Club/Bayview;

     j.    Concealing from his superior officers, Captain Christopher Gray and Admiral Mary Jackson, that on or about January 9, 2015, the Defendant and Tur engaged in a physical altercation inside the Defendant's residence and that altercation resulted in Tur being injured;

11

k.      Falsely stating to his superior officers, Captain Christopher Gray and Admiral Mary Jackson, that he had not engaged in an extramarital affair with Lara Tur; and

l.      Encouraging Lara Tur to conceal from Navy investigators that she and the Defendant had engaged in an extramarital affair.]]

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)     the Defendant knew of or foresaw an official proceeding, and knew that his actions were likely to affect it.

(2)     the Defendant engaged in conduct which constituted a substantial step toward the commission of the crime of obstruction of an official proceeding;

(3)     the Defendant acted corruptly, *i.e.*, with an improper purpose and to engage in conduct knowingly and dishonestly with the specific intent to subvert, impede or obstruct the actual or foreseen official proceeding; and

(4)     the natural and probable effect of the Defendant's conduct would be the interference with the due administration of justice.

[*United States v. Friske*, 640 F.3d 1288, 1292, 1292 n.5 (11th Cir. 2011) (stating the elements of a violation of §1512(c)(2) and clarifying that, "[T]he Government must prove that the defendant knew of or foresaw an official proceeding, and knew that his actions were likely to affect it." (citation omitted)).]

12

[[[4]]]

The term "official proceeding" includes a proceeding before a Federal grand jury and a proceeding before a Federal Government agency which is authorized by law. [18 U.S.C. § 1515(a)(1)(A).]   The Department of the Navy is a Federal Government agency.  [*See United States v. McCarrick*, 294 F.3d 1286, 1290 (11th Cir. 2002) (listing as an element of an § 18 U.S.C. § 1001 violation that the matter at issue be before a "federal Government agency" even though the statute references a matter within "the jurisdiction of a department or agency."); *accord United States v. Williams*, 571 F. App'x 887, 890 (11th Cir. 2014); 18 U.S.C. § 6 (stating that the term "department" means "one of the executive departments enumerated in section 1 of Title 5," and the term "agency" includes any department.); 5 U.S.C. § 102 (listing the Department of the Navy as a Department of the Executive).] The Government has alleged that the official proceedings which were foreseeable were a Federal Grand Jury proceeding and a Department of the Navy court martial. The Government need not prove beyond a reasonable doubt that the Defendant intended to obstruct all of these proceedings. Instead, the Government must prove beyond a reasonable doubt that the

---

4       The Defendant submits that the following should be inserted at this bracketed point:  "If you do not unanimously agree as to what conduct the Defendant corruptly engaged in, you cannot find him guilty."

For the reasons discussed previously, the Government submits that the Court's standard unanimity instruction is an accurate and sufficient statement of the law, and the jury is not required to decide unanimously on the means by the Defendant engaged in obstructive conduct.

Defendant intended to obstruct at least one of these official proceedings. [[[5] You must unanimously agree as to which official proceeding the Defendant intended to obstruct.]] [Fed. Crim. Jury Instr. 7th Cir. 1512 and 1515(a)(1) (2019 ed.) (providing language to be used where the defendant is charged under § 1512(c) with obstructing more than one official proceeding)].

The "official proceeding need not be pending or about to be instituted at the time of the offense" to prove the Defendant committed this offense. [18 U.S.C. § 1512(f)(1).] It is sufficient if the Defendant "knew of or foresaw an official proceeding, and knew that his actions were likely to affect it." [*Friske*, 640 F.3d at 1292 n.5.]

---

[5] The Government suggests that the jury be instructed using the bracketed language, which is provided in the Seventh Circuit's pattern instruction. The Defendant submits that this bracketed portion should instead state as follows: "If you do not unanimously agree as to which official proceeding the Defendant intended to obstruct, you cannot find him guilty."

## REQUESTED JURY INSTRUCTION NO. 11

### Scheme to Conceal Material Facts
### 18 U.S.C. § 1001(a)(1)
### Count Three

It is a Federal crime to knowingly and willfully falsify, conceal, or cover up by any trick, scheme, or device a material fact in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States.

Count Three charges the Defendant with knowingly and willfully falsifying, concealing, or covering up by trick, scheme, and device, a material fact, that is, during the investigation being conducted by the Navy, the Defendant intended to falsify and conceal the facts he knew about the circumstances surrounding the disappearance, injury, and death of Christopher Tur ("Tur") [[⁶by, among other things:

> a.    Making false and misleading statements to Navy personnel searching for Tur and investigating his disappearance and death, such as Command Duty Officer Anthony Thibodeaux, that Tur was last seen at the Officer's Club/Bayview on or about January 9, 2015;

> b.    Making false and misleading statements to Navy personnel, such as Executive Officer Alonza Ross, that Tur had not come to the

---

⁶    The Government submits that this bracketed portion should be in the jury instructions in order to provide the jury with the examples of the means by which the defendant could have committed the concealment that were contained in Count Three of the Indictment, especially since the Court has indicated it is unlikely to send the Indictment back to the jury during its deliberations.  The Defendant believes these examples should not be listed in the jury instructions.

15

Defendant's residence on or about January 9, 2015 after the Hail and Farewell party at the Officer's Club/Bayview;

      c.     Making false and misleading statements to Navy personnel, such as Executive Officer Alonza Ross, that when Tur came to the Defendant's residence after the Hail and Farewell party on or about January 9, 2015, Tur did not come inside the residence;

      d.     Concealing from Navy personnel that on or about January 9, 2015, Tur came to the Defendant's residence after the Hail and Farewell party at the Officer's Club/Bayview, the Defendant and Tur engaged in a physical altercation inside the Defendant's residence, and that altercation resulted in Tur being injured;

      e.     Knowingly permitting a Navy Blue communication providing false information about the last known location of Tur on or about January 9, 2015 to be sent to the Navy on or about January 10, 2015;

      f.     Making false and misleading statements to his superior officers, Captain Christopher Gray and Admiral Mary Jackson, orally and in written emails on or about January 10, 2015, January 11, 2015, and January 12, 2015 that the last place Tur was seen was the Officers Club/Bayview on or about January 9, 2015;

      g.     Concealing from his superior officers, Captain Christopher Gray and Admiral Mary Jackson, on or about January 10, 2015 and January 11, 2015 that Tur had gone missing on or about January 9, 2015 after attending a command event earlier in the evening, the Hail and Farewell party at the Officer's Club/Bayview for the incoming and outgoing executive officers, at which the Defendant had been present, that the Defendant and others at the party had been intoxicated, and that Tur had accused the Defendant of having an extramarital affair with Lara Tur in front of the Officer's Club/Bayview after the party;

      h.     Concealing from his superior officers, Captain Christopher Gray and Admiral Mary Jackson, on or about January 10, 2015, January 11, 2015, and January 12, 2015 that Tur came to the Defendant's residence on or about January 9, 2015 after the Hail and Farewell party at the Officer's Club/Bayview; and

      i.     Concealing from his superior officers, Captain Christopher Gray and Admiral Mary Jackson, that on or about January 9, 2015, the

Defendant and Tur engaged in a physical altercation inside the Defendant's residence and that altercation resulted in Tur being injured.]]

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)    the Defendant concealed a fact by a trick, scheme, or device;

(2)    the fact was material;

(3)    the fact was within the jurisdiction of a federal department or agency;

(4)    the Defendant had a legal duty to disclose the concealed fact; and

(5)    the Defendant acted knowingly and willfully.[[7]]

[Fed. Crim. Jury Instr. 7th Cir. 1001[1] (2019 ed.) (elements of a violation of § 1001(a)(1)); Pattern Crim. Jury Instr. 6th Cir. 13.01 (2019 ed.) (elements of a violation of § 1001(a)(1)).]

---

7        The Defendant submits that the following additional element should be included in the instructions for Count Three: "the Defendant acted for the purpose of misleading a department or agency of the United States." The Government submits that this higher standard of specific intent is not an element of the charge and the Government's proposed instructions are consistent with the elements of a violation of 18 U.S.C. § 1001(a)(1). *United States v. Clay*, 832 F.3d 1259, 1308 (11th Cir. 2016) ("As to specific intent, § 1001 criminalizes false statements made 'knowingly and willfully.' . . . The Supreme Court has said that, to establish a willful violation of a statute, generally "the Government must prove that the defendant acted with knowledge that his conduct was unlawful." . . . Using the pattern instruction, the district court charged the jury that '[t]he word 'willfully' means that the act was committed voluntarily and purposefully with the intent to do something the law forbids, that is, with the bad purpose to disobey or disregard the law.'") (internal citations omitted).

17

[[8]]

The Department of the Navy is a federal department. [*See* discussion in Count Two, *supra*, regarding this same element and the Navy's status as a federal department.]

The term "using a trick, scheme, or device" means acting in a way intended to deceive others. [Pattern Crim. Jury Instr. 6th Cir. 13.01 (2017 ed.) (definition of "using a trick, scheme, or device" as an element of a violation of § 1001(a)(1)).]

The concealment of a fact through a trick, scheme, or device is not a crime

---

8    The Defendant submits that the following should be inserted at this bracketed point:   "If you do not unanimously agree as to what material fact the Defendant knowingly and willfully concealed, you cannot find him guilty."

The Government submits that the Court's standard unanimity instruction is an accurate and sufficient statement of the law, and the jury is not required to decide unanimously on the means by the defendant concealed material information. *See, e.g.*, *United States v. Hubbell*, 177 F.3d 11, 14 (D.C.Cir.1999): (indictment charging numerous false statements of concealment not duplicitous because count alleged scheme of concealment of material facts); *United States v. Knapp*, 15 F.3d 1092, 1994 WL 20017, *1-2 (9th Cir. Jan. 26, 1994) (holding § 1001 charge was not duplicitous and a special unanimity instruction was not necessary, "Because Section 1001 defines only one offense, it is proper for the government to charge the different means, denounced disjunctively in the statute, conjunctively in each count of the indictment. In the instant case the government merely listed the possible means, by trick, scheme, and device, in the indictment, and then listed the overt acts supporting its theory that defendant engaged in a *scheme* to conceal material facts from the government.") (citation and internal quotation marks omitted; emphasis in original).

unless the fact is material. A "material fact" is an important fact–not some unimportant or trivial detail–that has a natural tendency to influence a decision of a department or agency in reaching a required decision. The Government does not have to show that the government agency or department was, in fact, deceived or misled by the concealment of the material fact. [Instr. O36 (defining "material fact" as part of the elements of a violation of § 1001(a)(2)).]

With regard to whether the Defendant had a legal duty not to falsify or conceal information related to the disappearance, injury, and death of Christopher Tur, the Government has alleged that certain laws, Navy regulations, and orders from his superior officers required the Defendant to ensure the safety and well-being of persons under his command, including Christopher Tur, and to provide his superior officers and the Navy with complete information in his possession about events at Naval Station Guantanamo Bay, such as when a civilian or contractor was missing, severely injured, or dead. [Indict. ¶¶ 5-6.]

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully," means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the

person need not be aware of the specific law or rule that his or her conduct may be violating. [Instr. B9.1A (definitions of "knowingly" and "willfully").]

## REQUESTED JURY INSTRUCTION NO. 12

**Falsification of Records**
**18 U.S.C. § 1519, 2**
**Counts Four, Five**

It is a Federal crime for anyone to knowingly alter, conceal, cover up, falsify, or make a false entry in a record, document, or tangible object with the intent to impede, obstruct, or influence the investigation of a matter within the jurisdiction of any department or agency of the United States, or in relation to such a matter.

Count Four charges the Defendant with knowingly altering, concealing, covering up, falsifying, or making a false entry in a record, document, or tangible object, that is a Navy Blue communication sent to Navy officials, with the intent to impede, obstruct, or influence the investigation of a matter within the jurisdiction of any department or agency of the United States, or in relation to such a matter, that is a Department of Navy investigation into the circumstances surrounding the disappearance, injury, and death of Chris Tur.

Count Five charges the Defendant with knowingly altering, concealing, covering up, falsifying, or making a false entry in a record, document, or tangible object, that is emails to superior officers, Admiral Mary Jackson and Captain Christopher Gray, with the intent to impede, obstruct, or influence the investigation of a matter within the jurisdiction of any department or agency of the United States, or in relation to such a matter, that is a Department of Navy investigation into the circumstances surrounding the disappearance, injury, and death of Chris Tur.

21

The Defendant can be found guilty of these crimes only if all the following facts are proved beyond a reasonable doubt:

(1)     That the Defendant knowingly altered concealed, covered up, falsified, or made a false entry in a record, document, tangible object, or caused another to do so;

(2)     That the Defendant acted with the intent to impede, obstruct, or influence the investigation in relation to a matter; and

(3)     That the matter was within the jurisdiction of the Department of the Navy, which is a department of the United States.

There is no requirement that the matter or investigation have been pending or imminent at the time of the obstruction, but only that the acts were taken in relation to or in contemplation of any such matter or investigation.

In order to meet its burden, the Government does not have to prove that the Defendant specifically knew that the matter or investigation was within the jurisdiction of a department or agency of the United States. In other words, you need not find that the Defendant knew he was obstructing, impeding, or influencing a matter that was federal in nature.

A "tangible object" is one used to record or preserve information.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

[Fifth Circuit Pattern Jury Instr. No. 2.65 (elements of a violation of § 1519); *United States v. Aldissi*, No. 8:14-cr-00217-VMC-TGW, (M.D. Fla. 2015) (Dkt. 269, Instr. No.

14) (elements of a violation of § 1519); *United States v. Coburn*, No. 6:18-cr-109-Orl-31LRH, (M.D. Fla. 2019) (Dkt. 110 at 11) (elements of a violation of § 1519); Instr. B9.1A (definition of "knowingly").]

## REQUESTED JURY INSTRUCTION NO. 13

### O36 (Modified)
### False Statements to a Federal Agency
### 18 U.S.C. § 1001(a)(2)
### Counts Six, Seven, Eight, Nine, and Ten

It is a Federal crime to knowingly and willfully make any materially false, fictitious, or fraudulent statement or representation in any matter within the jurisdiction of the executive branch of the Government of the United States.

Count Six charges the Defendant with willfully and knowingly making a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch by stating to Command Duty Officer Anthony Thibodeaux that Christopher Tur was last seen on or about January 9, 2015 at the Officers Club/Bayview.

Count Seven charges the Defendant with willfully and knowingly making a materially false, fictitious, and fraudulent statement and representation within the jurisdiction of the executive branch by stating in an email to Admiral Mary Jackson and Captain Christopher Gray that Christopher Tur was last seen on or about January 9, 2015 at the Officers Club/Bayview.

Count Eight charges the Defendant with willfully and knowingly making a materially false, fictitious, and fraudulent statement and representation within the jurisdiction of the executive branch by stating to Executive Officer Alonza Ross that Christopher Tur did not go to the Defendant's home on or about January 9, 2015 after the party at the Officer's Club/Bayview.

24

Count Nine charges the Defendant with willfully and knowingly making a materially false, fictitious, and fraudulent statement and representation within the jurisdiction of the executive branch by stating to Executive Officer Alonza Ross that Christopher Tur had come to the Defendant's residence on or about January 9, 2015, but that Tur had not come inside.

Count Ten charges the Defendant with willfully and knowingly making a materially false, fictitious, and fraudulent statement and representation within the jurisdiction of the executive branch by stating to Admiral Mary Jackson and Captain Christopher Gray that the Defendant and Christopher Lara Tur were not having an affair.

The Defendant can be found guilty of these crimes only if all the following facts are proved beyond a reasonable doubt:

(1)     the Defendant made a statement;

(2)     the statement was false;

(3)     the falsity concerned a material matter;

(4)     the Defendant acted willfully, knowing that the statement was false;[[9]] and

(5)     the false statement was made or used for a matter within the jurisdiction of a department or agency of the United States.

---

[9]     As with Count Three, the Defendant submits that the following additional element should be included in the instructions for Counts Six through Ten: "that the Defendant made the false statement for the purpose of misleading a department or agency of the United States." The Government again submits that this higher standard of specific intent is not an element of the charges in Counts Six through Ten for the same reasons as articulated above. *See United States v. Clay*, 832 F.3d 1259, 1308 (11th Cir. 2016).

The Department of the Navy is a department of the United States. [*See* discussion in Count Two, *supra*, regarding this same element and the Navy's status as a federal department.]

A "material fact" is an important fact – not some unimportant or trivial detail – that has a natural tendency to influence a decision of a department or agency in reaching a required decision. The Government does not have to show that the governmental agency or department was, in fact, deceived or misled by the concealment of the material fact.

The word "willfully," means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his or her conduct may be violating. [Instr. B9.1A (definition of "willfully").]

Respectfully submitted,


*/s/ Todd Gee*
*Counsel for the Government*
TODD GEE
Deputy Chief, Public Integrity Section
PETER M. NOTHSTEIN
Trial Attorney, Public Integrity Section
Criminal Division
U.S. Department of Justice

*/s/ Daniel Schwartz*
*Counsel for the Defendant*
DANIEL SCHWARTZ
Daniel Schwartz, P.A.
TERENCE LENAMON
Terence Lenamon, P.A.
COLBY C. VOKEY
Law Firm of Colby Vokey PC


DATED:  December 6, 2019

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record for the defendant.

Dated: December 6, 2019                    _/s/ Todd Gee_____
Todd Gee, Deputy Chief
Peter M. Nothstein, Trial Attorney
Public Integrity Section
Criminal Division
U.S. Department of Justice