UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:19-cr-00001-TJC-PDB |
| | ) | |
| JOHN R. NETTLETON, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT PROPOSED
STATEMENT OF THE CASE AND VOIR DIRE**

The United States of America and the Defendant, by and through counsel of record, respectfully submits this joint proposed statement of the case and voir dire, per the Court's oral Order at the status conference held on September 18, 2019. Where the parties disagree about the proposed text, a set of double-brackets are in place around the contested section and a footnote explains the disagreement.

**I.   Statement of the Case**

The Indictment in this case charges the Defendant, John Nettleton, with committing ten crimes, which I will also refer to as "counts." These crimes relate to events that occurred in approximately January 2015, when the Defendant was a Captain in the United States Navy and serving as the Commanding Officer of the United States Naval Station Guantanamo Bay, which is commonly referred to as "GTMO," in Guantanamo Bay, Cuba.

1

[[¹The Government alleges that on the night of Friday, January 9, 2015, after a party at the Officer's Club at GTMO, Christopher Tur, a civilian living and working on GITMO, confronted the Defendant and accused the Defendant of engaging in a sexual relationship with Mr. Tur's wife, Lara Tur.  The Government alleges that Mr. Tur later went to the Defendant's residence that same night and confronted him again about this alleged relationship, and that a physical altercation occurred between them inside the Defendant's residence.  Mr. Tur allegedly did not return home on the night of Friday, January 9, and he was reported missing by his wife the following day.  Navy and Coast Guard personnel searched for Mr. Tur on Saturday, January 10 and Sunday, January 11.  At approximately 11 a.m. on Sunday, January 11, 2015, Coast Guard personnel found Mr. Tur dead in the waters of Guantanamo Bay.]]

Count One charges the Defendant with obstruction of justice for knowingly engaging in misleading behavior towards another person with the intent to hinder, delay, and prevent the communication to law enforcement officers, that is, agents of the Navy Criminal Investigative Service (known as "NCIS") and members of the Naval Station Guantanamo Bay's Security Department, information relating to the commission and possible commission of a federal offense.

---

¹  The Government submits that the statement of the case should contain this basic description of the alleged events in order for the voir dire to successfully determine whether the prospective jurors have a prior awareness of the alleged events and can fairly evaluate the expected evidence in the trial given the nature of the alleged events that occurred. The Defendant objects to this bracketed recitation of the alleged events.

Count Two charges the Defendant with obstructing justice by corruptly obstructing, influencing, and impeding official proceedings, that is, a Department of the Navy court martial and a Federal grand jury proceeding, and attempting to do so.

Count Three charges the Defendant with concealment of a material fact by knowingly and willfully falsifying, concealing, or covering up by trick, scheme, and device, a material fact, that is, during the investigation being conducted by the Navy, the Defendant intended to falsify and conceal the facts he knew about the circumstances surrounding the disappearance, injury, and death of Christopher Tur.

Counts Four and Five charge the Defendant with falsification of records in communications with Navy officials.

Counts Six, Seven, Eight, Nine and Ten charge the Defendant with making false statements or representations during the Navy's investigation of the circumstances surrounding Christopher Tur's disappearance, injury, and death.

## II. Parties and Witnesses

1. [Court will at this time introduce the Defendant, counsel, paralegals, and case agent(s); or direct respective counsel to do so].

2. Do any of you personally know any of the attorneys for the United States, any of the case agents, or any of the other government personnel who were just identified?

3. The Defendant, John Nettleton, was a Captain in the United States Navy. Do any of you personally know the defendant?

    4.      Do any of you personally know the attorneys for the defendant?

    5.      I will read [or have the attorneys read] the names of persons who may appear as witnesses. Please advise me, after their names have been read, whether you know them or have any acquaintance with them. [Counsel or Court read witness lists.]

### III. Conflicts with Service or the Nature of the Case

    6.      It is anticipated that this trial will be concluded in about ten trial days. Is there anything about the anticipated duration of trial that would affect your ability to serve on this jury and to concentrate on the trial and its proceedings with your full attention and render a fair and impartial verdict?

    7.      Are any of you suffering from a physical disability, which would make it difficult for you to serve as an alert juror during the trial of this case?

    8.      Is there anything about the nature of the charges or the types of offenses with which the Defendant is charged that would in any way affect your ability to sit as a fair and impartial juror?

### IV. General Questions to the Panel

    9.      Have any of you ever served on a jury in a trial before?  If yes, was it:

        (a)    Federal Court:

            (1)    Civil

            (2)    Criminal

        (b)    State Court:

            (1)    Civil

    (2)  Criminal

10. Without stating the result, were you able to reach a verdict in the case?

11. Have any of you ever served as a member of a Grand Jury?

12. Has anything ever happened to you while serving as a juror or a member of a Grand Jury prior to this case that would make it difficult for you now to serve as a fair and impartial juror in this case?

13. Have any of you ever appeared in Court yourself personally either as a witness in a case or as a party in a lawsuit?

14. Have any of you ever been the victim of a crime?

15. Has any member of the jury panel, or any family member, relative, or close personal friend or acquaintance of yours, ever been employed as a law enforcement officer or otherwise been employed by or associated with a federal, state, or local law enforcement agency?

16. Have you, or any family member, relative, or close personal friend or acquaintance of yours, ever been investigated by any federal, state, or local law enforcement agency?

17. Have you or any family member, relative, or close friend ever been arrested for, charged with, or convicted of any crime?

18. Have you ever been a witness in any type of court or judicial proceeding? If so, in what type of proceeding did you give testimony?

19. Have any of you ever had any claim or lawsuit or any other type of litigation against or with the United States or one of its agencies?

20.     Have any of you ever served in the United States Navy?  If yes:

(a)     For how long were you in the Navy and at what rank did you retire?

(b)     Does anything about your experience serving in the Navy cause you to believe that you would have difficulty fairly and impartially evaluating the evidence in the Defendant's trial?

(c)     Based on your prior experience in the Navy, including your own rank when you served, do you have any concerns about your ability to fairly and impartially evaluate the evidence in the Defendant's trial because he held the rank of Captain in the Navy?

(d)     Did you serve at any time at Naval Station Guantanamo Bay in Guantanamo Bay, Cuba?  If yes, will you be able to set aside your own knowledge and experience from your time there and evaluate the evidence introduced in this trial fairly and impartially?

(e)     While in the Navy, did you interact with members of the Naval Criminal Investigative Service ("NCIS") in any way?  If yes:

(i)     Can you please explain how?

(ii)    Is there anything about your experience with NCIS that would cause you to have difficulty fairly and impartially judging the testimony of an NCIS agent or evidence gathered through an NCIS investigation?

    (d) While in the Navy, did you have any experience with courts martial or the Uniform Code of Military Justice?  If yes:

      (i) Can you please explain how?

      (ii) Is there anything about your experience with [courts martial or the Uniform Code of Military Justice] that would cause you to have difficulty fairly and impartially judging the facts of this case where the Government alleges the Defendant violated some elements of the Uniform Code of Military Justice and obstructed a potential court martial?

  21. Do any you have any strong feelings or opinions one way or the other concerning the United States government or its agencies?

  22. Have any of you viewed any media coverage of this case, or do you otherwise have previous knowledge of the allegations and charges against the Defendant?  If yes:

    (a) What have you viewed or learned?

    (b) Did you seek it out or happen upon it by chance?

    (c) Has what you have viewed or learned caused you to form an opinion as to the guilt or innocence of the Defendant?

    (d) In light of what you have viewed or learned, could you serve as a fair and impartial juror in this matter?

  22. It is the jury's responsibility to decide whether the Defendant is guilty or not guilty of the charged offenses.  It will be my responsibility to decide the

Defendant's sentence if the jury finds him guilty of any offenses.  Nonetheless, are there any of you who, for religious, moral, ethical or philosophical reasons, would simply rather not be called upon to decide the guilt or innocence of the Defendant?

23. If one or more of the instructions on the law given to you by the Court are in conflict with your own personal beliefs, or if you disagree with any one of the Judge's instructions, will you still abide by the Court's instructions on the law and put your own personal beliefs aside?

24. Is there any additional information that would affect your ability to render an impartial verdict in this case and that has not been addressed by my other questions?

Respectfully submitted,

| | |
|---|---|
| */s/ Todd Gee* | */s/ Daniel Schwartz* |
| *Counsel for the Government* | *Counsel for the Defendant* |
| TODD GEE | DANIEL SCHWARTZ |
| Deputy Chief, Public Integrity Section | Daniel Schwartz, P.A. |
| PETER M. NOTHSTEIN | TERENCE LENAMON |
| Trial Attorney, Public Integrity Section | Terence Lenamon, P.A. |
| Criminal Division | COLBY C. VOKEY |
| U.S. Department of Justice | Law Firm of Colby Vokey PC |

DATED:  December 6, 2019

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record for the defendant.

Dated: December 6, 2019  /s/ Todd Gee
Todd Gee, Deputy Chief
Peter M. Nothstein, Trial Attorney
Public Integrity Section
Criminal Division
U.S. Department of Justice