**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                     Case No. 3:19-cr-1-J-32PDB

JOHN R. NETTLETON

_____

## O R D E R

As stated at the December 16, 2019 final pretrial conference, the Court is providing its proposed jury instructions before trial so that the parties may review them and provide any comments in a timely manner. The below comments serve to aid the parties in understanding the Court's changes to the joint instructions the parties submitted. However, they are not binding and the Court reserves the right to amend the instructions. For the final instructions, the Court will remove the bolded language immediately below the instruction number that currently states the pattern number, if one applies, and an explanatory title. If there are no comments next to the instruction, then the Court utilized the Eleventh Circuit Pattern instruction. The Court will conduct a charge conference with the parties before finalizing the instructions.

**A. Basic Introductory Instructions**

B1 Face Page – Introduction

No. 1: B2.1 The Duty to Follow Instructions And the Presumption of Innocence

No. 1 (alternate): B2.2 The Duty to Follow Instructions And the Presumption of Innocence when a Defendant Does not Testify

No. 2: B3 Definition of "Reasonable Doubt"

No. 3: B4 Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

No. 4: B5 Credibility of Witnesses

No. 5: B6.1 Impeachment of Witnesses Because of Inconsistent Statements

No. 5 (alternate): B6.3   Impeachment of Witnesses Because of Inconsistent Statements (Defendant with No Felony Conviction Testifies)

No. 6: B7 Expert Witness

No. 7: B9.1A On or About; Knowingly; Willfully – Generally. The Court deviated from the joint proposed instructions such that it used the pattern instruction that includes the definitions of knowingly and willfully and removed those definitions from the substantive instructions. This allows the Court to provide those definitions once, as opposed to several times in the substantive instructions.

**B. Substantive Instructions**

No. 8: B8 Introduction to Offense Instructions (as modified by the parties)

No. 9: The Court utilized the parties' proposed instruction for Count 1. It added the language "in violation of 18 U.S.C. §§ 1512(b)(3), and 2" at the end of the second paragraph. The Court does not believe that the Government's proposed language regarding what actions violated the statute should be included. Additionally, the Court does not believe that Nettleton's proposed unanimity instruction should be included.

No. 10: The Court utilized the undisputed portion of the joint instruction and added language of the statute alleged to have been violated. The Court did not include the Government's proposed language regarding what actions violated the statute. Additionally, the Court does not believe that Nettleton's proposed unanimity instruction should be included. The Court reworded the sentence regarding which official proceedings the Government has alleged Defendant obstructed. The Court utilized the Government's proposed unanimity instruction pertaining to which official proceeding Defendant intended to obstruct.

No. 11: The Court used the undisputed portion of the joint instruction. The Court did not include the Government's proposed language regarding what actions violated the statute. The Court did not include the additional element proposed by Defendant: "the Defendant acted for the purpose of misleading a department or agency of the United States." The elements require the jury to find that Defendant acted knowingly and willfully. The definitions of knowingly

and willfully sufficiently explain the mens rea requirement for violations of 18 U.S.C. § 1001(a)(1). Additionally, the Court does not believe that Nettleton's proposed unanimity instruction should be included. The Court moved the last sentence of the joint instruction's definition of material fact to the definition of trick, scheme, or device because it more closely followed the Eleventh Circuit Pattern. The Court also removed the paragraph regarding Nettleton's alleged legal duties based on orders from superiors and Navy Regulations. The Government will need to prove this at trial and explain its case to the jury in its closing argument. The Court removed the definitions of knowingly and willfully because they are included in Number 7.

No. 12: The Court utilized the undisputed portion of the joint instruction and added language of the statute alleged to have been violated. The Court removed the paragraphs after the elements.

No. 13: O36 (Modified) The Court used part of the joint instruction and part of the pattern. For the first element, the Court included the language "as charged" which is in the pattern but not in the proposed instruction. The Court did not include Nettleton's proposed unanimity instruction for the same reasons as stated for Number 11.

**C. Other Instructions**

No. 14: S7 Aiding and Abetting; Agency 18 U.S.C. § 2

No. 15: B10.2 Caution: Punishment (Single Defendant, Multiple Counts)

No. 16: B11 Duty to Deliberate

No. 17: B12 Verdict

Depending on the Court's ruling regarding Nettleton's statements to NCIS in January 2015, Eleventh Circuit Pattern S2.1 may be necessary.

**DONE AND ORDERED** in Jacksonville, Florida this 19th day of December, 2019.

TIMOTHY J. CORRIGAN
United States District Judge

jb
Attachment:
Court's Proposed Jury Instructions

Copies:

Counsel of Record
Defendant

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                    Case No. 3:19-cr-1-J-32PDB

JOHN R. NETTLETON

_____

## COURT'S PROPOSED JURY INSTRUCTIONS

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

## <u>JURY INSTRUCTION NO. 1</u>

### B2.1

### The Duty to Follow Instructions And the Presumption of Innocence

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

## JURY INSTRUCTION NO. 1 (ALTERNATE)

**B2.2**
**The Duty to Follow Instructions and the Presumption Of Innocence**
**When a Defendant Does Not Testify**

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant isn't evidence of guilt. The law presumes every Defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. A Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

## <u>JURY INSTRUCTION NO. 2</u>

**B3**
**Definition of "Reasonable Doubt"**

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

## <u>JURY INSTRUCTION NO. 3</u>

**B4**
**Consideration of Direct and Circumstantial Evidence;**
**Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## <u>JURY INSTRUCTION NO. 4</u>

**B5**
**Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

<u>**JURY INSTRUCTION NO. 5**</u>

**B6.1**
**Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

## **JURY INSTRUCTION NO. 5 (ALTERNATE)**

### **B6.3**
### **Impeachment of Witnesses Because of Inconsistent Statements**
### **(Defendant with No Felony Conviction Testifies)**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

A defendant has a right not to testify. But since the Defendant did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.

## <u>JURY INSTRUCTION NO. 6</u>

**B7**
**Expert Witness**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

**JURY INSTRUCTION NO. 7**

**B9.1A**
**On or About; Knowingly; Willfully – Generally**

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

## <u>JURY INSTRUCTION NO. 8</u>

**B8 (Modified)**
**Introduction to Offense Instructions**

The indictment charges ten (10) separate crimes, called "counts," against the Defendant. Each count has a number. I will explain the law governing each of these counts.

## JURY INSTRUCTION NO. 9

### Obstruction of Justice 18 U.S.C. §§ 1512(b)(3), 2 Count 1

It's a Federal crime for anyone to obstruct justice by knowingly engaging in misleading conduct toward another person with the intent to hinder, delay, and prevent the communication to federal law enforcement officers information relating to the commission or possible commission of a federal offense.

Count One charges the Defendant with knowingly engaging in misleading behavior towards another person with the intent to hinder, delay, and prevent the communication to law enforcement officers, that is, agents of the Navy Criminal Investigative Service and members of the Naval Station Guantanamo Bay's Security Department, information relating to the commission and possible commission of a federal offense, in violation of 18 U.S.C. §§ 1512(b)(3), and 2.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)    the Defendant knowingly engaged in misleading conduct toward another person;

(2)    the Defendant acted with the intent to hinder, delay, or prevent the communication of information to a federal law enforcement officer of the United States; and

(3)     that such information related to the commission or possible commission of a federal offense.

The term "misleading conduct" means any one of the following:

(1)     knowingly making a false statement;

(2)     intentionally omitting information from a statement and thereby causing a portion of such a statement to be misleading, or intentionally concealing a material fact, and thereby creating a false impression by such statement;

(3)     with intent to mislead, knowingly submitting or inviting reliance on a writing or recording that is false, forged, altered, or otherwise lacking in authenticity; or

(4)     knowingly using a trick, scheme, or device with intent to mislead.

As to the Defendant's intent to hinder, delay, or prevent the communication of information to federal law enforcement officers, the Government must prove a reasonable likelihood that the relevant communication would have been made to a federal law enforcement officer; the Government must show that the likelihood of communication to a federal law enforcement officer was more than remote, outlandish, or simply hypothetical.

The Government does not need to prove the Defendant knew the offense was a federal offense or that a federal investigation was either underway or

imminent.

The term "federal law enforcement officer" means an officer or employee of the Federal Government, or a person authorized to act for or on behalf of the Federal Government or serving the Federal Government as an adviser or consultant— authorized under law to engage in or supervise the prevention, detection, investigation, or prosecution of an offense.

The term "using a trick, scheme, or device" means acting in a way intended to deceive others.

## **JURY INSTRUCTION NO. 10**

### **Obstruction of Justice 18 U.S.C. §§ 1512(c)(2), 2 Count 2**

It's a Federal crime for anyone to corruptly obstruct, influence, or impede any official proceeding, or attempt to do so.

Count Two charges the Defendant with corruptly obstructing, influencing, and impeding official proceedings, that is, a Department of the Navy court martial and a Federal grand jury proceeding, or attempting to do so, in violation of 18 U.S.C. §§ 1512(c)(2), and 2.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)    the Defendant knew of or foresaw an official proceeding, and knew that his actions were likely to affect it.

(2)    the Defendant engaged in conduct which constituted a substantial step toward the commission of the crime of obstruction of an official proceeding;

(3)    the Defendant acted corruptly, *i.e.*, with an improper purpose and to engage in conduct knowingly and dishonestly with the specific intent to subvert, impede or obstruct the actual or foreseen official proceeding; and

(4)    the natural and probable effect of the Defendant's conduct would be the interference with the due administration of justice.

The term "official proceeding" includes a proceeding before a Federal grand jury and a proceeding before a Federal Government agency which is authorized by law. The Department of the Navy is a Federal Government agency.

The Government has alleged that Defendant intended to obstruct a Federal Grand Jury proceeding and a Department of the Navy court martial. The Government need not prove beyond a reasonable doubt that the Defendant intended to obstruct both of these proceedings. Instead, the Government must prove beyond a reasonable doubt that the Defendant intended to obstruct at least one of these official proceedings. You must unanimously agree as to which official proceeding the Defendant intended to obstruct.

An official proceeding need not be pending or about to be instituted at the time of the offense. However, the government must prove beyond a reasonable doubt that the Defendant knew of or foresaw the particular official proceeding.

## <u>JURY INSTRUCTION NO. 11</u>

### Scheme to Conceal Material Facts
### 18 U.S.C. § 1001(a)(1)
### Count Three

It is a Federal crime to knowingly and willfully falsify, conceal, or cover up by any trick, scheme, or device a material fact in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States.

Count Three charges the Defendant with knowingly and willfully falsifying, concealing, or covering up by trick, scheme, and device, a material fact, that is, during the investigation being conducted by the Navy, the Defendant intended to falsify and conceal the facts he knew about the circumstances surrounding the disappearance, injury, and death of Christopher Tur, in violation of 18 U.S.C. § 1001(a)(1).

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)    the Defendant concealed a fact by a trick, scheme, or device;

(2)    the fact was material;

(3)    the fact was within the jurisdiction of a federal department or agency;

(4)    the Defendant had a legal duty to disclose the concealed fact; and

(5)    the Defendant acted knowingly and willfully.

The Department of the Navy is a federal department.

The term "using a trick, scheme, or device" means acting in a way intended to deceive others. The Government doesn't have to show that the Governmental agency or department was, in fact, deceived or misled.

The concealment of a fact through a trick, scheme, or device is not a crime unless the fact is material.

A "material fact" is an important fact – not some unimportant or trivial detail – that has a natural tendency to influence or is capable of influencing a decision of a department or agency in reaching a required decision.

## <u>JURY INSTRUCTION NO. 12</u>

**Falsification of Records**
**18 U.S.C. § 1519, 2**
**Counts Four, Five**

Title 18 United States Code § 1519 makes it a Federal crime for anyone to knowingly alter, conceal, cover up, falsify, or make a false entry in a record, document, or tangible object with the intent to impede, obstruct, or influence the investigation of a matter within the jurisdiction of any department or agency of the United States, or in relation to such a matter.

Count Four charges the Defendant with knowingly altering, concealing, covering up, falsifying, or making a false entry in a record, document, or tangible object, that is a Navy Blue communication sent to Navy officials, with the intent to impede, obstruct, or influence the investigation of a matter within the jurisdiction of any department or agency of the United States, or in relation to such a matter, that is a Department of Navy investigation into the circumstances surrounding the disappearance, injury, and death of Chris Tur.

Count Five charges the Defendant with knowingly altering, concealing, covering up, falsifying, or making a false entry in a record, document, or tangible object, that is emails to superior officers, Admiral Mary Jackson and Captain Christopher Gray, with the intent to impede, obstruct, or influence the investigation of a matter within the jurisdiction of any department or agency of the United States, or in relation to such a matter, that is a Department of Navy

investigation into the circumstances surrounding the disappearance, injury, and death of Chris Tur.

The Defendant can be found guilty of these crimes only if all the following facts are proved beyond a reasonable doubt:

(1)     That the Defendant knowingly altered, concealed, covered up, falsified, or made a false entry in a record, document, tangible object, or caused another to do so;

(2)     That the Defendant acted with the intent to impede, obstruct, or influence the investigation in relation to a matter; and

(3)     That the matter was within the jurisdiction of the Department of the Navy, which is a department of the United States.

**JURY INSTRUCTION NO. 13**

**O36 (Modified)**
**False Statements to a Federal**
**Agency 18 U.S.C. § 1001(a)(2)**
**Counts Six, Seven, Eight, Nine, and Ten**

Title 18 United States Code § 1001(a)(2) makes it a Federal crime to knowingly and willfully make any materially false, fictitious, or fraudulent statement or representation in any matter within the jurisdiction of the executive branch of the Government of the United States.

Count Six charges the Defendant with willfully and knowingly making a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch by stating to Command Duty Officer Anthony Thibodeaux that Christopher Tur was last seen on or about January 9, 2015 at the Officers Club/Bayview.

Count Seven charges the Defendant with willfully and knowingly making a materially false, fictitious, and fraudulent statement and representation within the jurisdiction of the executive branch by stating in an email to Admiral Mary Jackson and Captain Christopher Gray that Christopher Tur was last seen on or about January 9, 2015 at the Officers Club/Bayview.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant made the statement, as charged;

(2)  the statement was false;

(3)  the falsity concerned a material matter;

(4)  the Defendant acted willfully, knowing that the statement was false; and

(5)  the false statement was made or used for a matter within the jurisdiction of a department or agency of the United States.

The Department of the Navy is a department of the United States.

A statement is "false" when made if it is untrue when made and the person making it knows it is untrue. The Government doesn't have to show that the Governmental agency or department was, in fact, deceived or misled.

The making of a false statement is not a crime unless the falsity relates to a "material" fact.

A "material fact" is an important fact – not some unimportant or trivial detail – that has a natural tendency to influence or is capable of influencing a decision of a department or agency in reaching a required decision.

# JURY INSTRUCTION NO. 14

## S7
## Aiding and Abetting; Agency
## 18 U.S.C. § 2

It's possible to prove the Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person. A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime – not just proof that the Defendant was simply present at the scene of a crime or knew about it.

In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

**JURY INSTRUCTION NO. 15**

**B10.2**
**Caution: Punishment**
**(Single Defendant, Multiple Counts)**

Each count of the indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial <u>only</u> for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

## JURY INSTRUCTION NO. 16

### B11
### Duty to Deliberate

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## <u>JURY INSTRUCTION NO. 17</u>

**B12**
**Verdict**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the Court Security Officer. The Court Security Officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.