UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO. 3:19-cr-00001-TJC-PDB

UNITED STATES OF AMERICA,

v.

JOHN R. NETTLETON,
    Defendant.
_____/

## RESPONSE TO THE GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE IRRELEVANT EVIDENCE

Defendant JOHN R. NETTLETON, by and through below counsel, files this response to the Government's motion in limine filed on December 20, 2019, and states the following in support:

The Government has requested this Court to prohibit Defendant from offering any argument or testimony to the jury suggesting that the Government engaged in selective prosecution, and from introducing any evidence of alleged misconduct by NCIS agents, other than proper impeachment of Government witnesses, unless the Defendant can show, by admissible non-hearsay evidence, that Defendant was aware of such conduct prior to his alleged obstructive conduct. As explained herein, this Court should deny the Government's motion.

    **a. Defendant isn't raising a selective prosecution claim**

The Eleventh Circuit has explained that

> In order to prove a claim of selective prosecution, the defendant bears the heavy burden of showing: (1) that he has been singled out for prosecution although others similarly situated who have committed the same acts have not been prosecuted; and (2) that the government's selective prosecution of him has been constitutionally invidious.

*United States v. Jones*, 52 F.3d 924, 927 (11th Cir. 1995) (citation and quotation marks omitted).

1

Thus, an indispensable element of selective prosecution claims is that a defendant was denied equal protection because other similarly situated persons were not prosecuted. *See, e.g., United States v. Scrushy,* 721 F.3d 1288, 1305 (11th Cir. 2013) (the defendant alleged his prosecution was selective "because other similarly situated people made campaign donations and received gubernatorial appointments but were not prosecuted."); *United States v. Jennings,* 991 F.2d 725, 730 (11th Cir. 1993) (holding that the defendant's claim of selective prosecution was insufficient because he failed to show that similarly situated persons who committed the same acts were not prosecuted); *United States v. Jordan,* 635 F.3d 1181, 1188 (11th Cir. 2011) (noting that selective prosecution claims require a showing that similarly situated persons weren't prosecuted); *United States v. Brantley,* 803 F.3d 1265, 1271 (11th Cir. 2015) (same).

In *United States v. Barry*, a case relied upon by the Government, the issue was whether the defendant "was singled out from other similarly situated individuals for prosecution in federal district court." 2019 WL 2396266 at *4 (D.D.C. June 5, 2019). In that case, the defendant was arrested for actions taken at a protest during the Senate confirmation hearings of then-nominee Justice Brett Kavanaugh. The defendant was initially charged in D.C. Superior Court, and the case was then transferred to the U.S. District Court for the District of Columbia. *Id*. at *1. The defendant claimed his prosecution was selective because he was prosecuted in federal court, whereas 1,188 other persons arrested for protesting at the Kavanaugh confirmation hearings were charged in D.C. Superior Court. The defendant alleged he was chosen for federal prosecution because he had previously exercised his Sixth Amendment right to a jury trial after being arrested and charged with offenses relating to a protest at the Senate confirmation hearings for then-Attorney General nominee Jeff Sessions. *Id*. at 6.

And thus the essence of the defendant's (unsuccessful) selective prosecution claim in *Barry* was that he was singled out for prosecution in federal court in violation of the Equal Protection Clause because over a thousand other similarly situated persons were instead prosecuted in the D.C. Superior Court for similar offenses.

Here, Defendant hasn't made any claim that he's been singled out for prosecution while other similarly situated persons aren't being prosecuted (nor is there any intention to make such a claim). Therefore, contrary to the Government's assertions, Defendant simply isn't making a selective prosecution claim at all, and the Government's motion should be denied accordingly.

**b. Defendant has no intention of arguing that the acts of NCIS agents had any bearing on Defendant's actions prior to January 20, 2015**

The Government correctly states that, because the first NCIS interview of any of Defendant's family members didn't occur until January 20, 2015, the NCIS agents' conduct couldn't have impacted Defendant's actions between January 10 – 20, 2015. Therefore, Defendant has no plans to make such an implausible claim. But the investigation into Defendant's actions didn't end on January 20, 2015; the investigation continued for years thereafter, and Defendant wasn't indicted until approximately four years later.

The Government has indicated that it intends to call multiple NCIS agents as witnesses in this case, and that it intends to question these agents about issues concerning the search of Defendant's home, the discovery of Christopher Tur's blood, and other related matters. Defendant certainly should be permitted, if he so chooses, to raise doubts to the jury about the NCIS agents' investigation into his conduct. This includes questioning the agents about their methods, techniques, assumptions, conclusions, etc. This type of information is clearly relevant for analyzing material issues at trial (such as the Government's allegations relating to the fight between Defendant and Tur), and is "of consequence in determining the action." Fed. R. Evid.

401(b). In fact, criticizing the investigation into a defendant's conduct is a fairly standard tactic in criminal cases, and there's no reason Defendant should be precluded from doing so in this case.

WHEREFORE, Defendant requests that this Court deny the Government's motion in limine filed on December 20, 2019.

Submitted on Dec. 31, 2019, by

s/ Daniel Schwarz
Daniel Schwarz
FBN 84665
245 SE 1st Street, Suite 404
Miami, FL 33131
Phone: 305-900-0481
Fax: 305-503-6973
Daniel@danielschwarzlaw.com

Colby Vokey
Texas Bar No. 24043391
The Law Firm of Colby Vokey PC
6924 Spanky Branch Court
Dallas, TX 75248
Phone: 214-697-0274
Fax: 214-594-9034
Email: vokeylaw@colbyvokey.com

Terence Lenamon
Fla. Bar No. 970476
Terence Lenamon P.A.
245 SE 1st Street, Ste. 404
Miami, FL 33131
Phone: 305-373-9911
Fax: 305-503-6973
Email: terry@lenamonlaw.com

CERTIFICATE OF SERVICE

I hereby certify that on Dec. 31, 2019, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF, and thereby served on all interested parties.

s/ Daniel Schwarz
Daniel Schwarz