United States District Court
Middle District of Florida
Jacksonville Division

**UNITED STATES OF AMERICA,**

    *Plaintiff,*

v.                                                                                                                                                                                                         No. 3:19-cr-01-J-32PDB

**JOHN R. NETTLETON,**

    *Defendant.*

# Order

Before the Court is John Nettleton's motion to conduct internet and social-media research of prospective and empaneled jurors. Doc. 74. The United States takes no position on the motion. Doc. 94.

Based on the authority provided and the absence of opposition, the motion is **granted** to the extent the parties may conduct internet and social-media research of prospective jurors during voir dire under these conditions:

1. The website, account, or information must be available and accessible to the general public.

2. No attorney may send an access request to a prospective juror's account, such as a Facebook "friend" request, a Twitter or Instagram "follow" request, or a LinkedIn "connection" request.

3. No direct communication or contact may occur between an attorney and a prospective juror.

4. Research must be done anonymously. For example, research through a social-media account must not disclose who is conducting the research to a potential juror, and the research must seek only information available and accessible to the general public and not available only because of an attorney's own social-media account.

5. Deception may not be used, including to gain access to a website or social-media account.

6. If an attorney learns of a prospective juror's internet posting about the case, the attorney must immediately notify the presiding judge.

7. If there is no method of conducting research in a way that prevents a prospective juror from learning who is conducting the research, the research must not be conducted, as an inappropriate communication would occur. To maintain anonymity, attorneys must be familiar with search tools, including automatic subscriber-notification features.

8. No attorney may appeal to a particular prospective juror based on information learned from internet or social-media research.

9. Parties and paralegals, clerks, investigators, and others working for the benefit of or on behalf of any party or attorney must comply with the same conditions.

No additional time to conduct voir dire will be provided, and the venire list will not be provided earlier than is customary. The provision in the general order on the possession and use of personal electronic devices prohibiting the use of such devices to search for information about a prospective juror is suspended during voir dire in this case. *See In re Possession and Use of Personal Electronic Devices in Federal Courthouses in the Middle District of Florida*, 6:13-mc-94-Orl-22.

The motion is **denied** to the extent internet and social-media research of an empaneled juror following voir dire may not be conducted absent prior permission from the presiding judge.

**Ordered** in Jacksonville, Florida, January 2, 2020.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c: The Honorable Timothy J. Corrigan
   Peter Nothstein, Esquire
   Daniel Schwarz, Esquire
   United States Marshal Services
   United States Pretrial Services
   John Nettleton