UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO. 3:19-cr-00001-TJC-PDB

UNITED STATES OF AMERICA,

v.

JOHN R. NETTLETON,
      Defendant.
_____/

## DEFENDANT'S MOTION FOR NEW TRIAL PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 33

Defendant JOHN R. NETTLETON, by and through below counsel, moves this Court pursuant to Federal Rule of Criminal Procedure 33 for a new trial on all the counts of conviction based upon all previously made objections and motions, including motions to suppress, dismiss, and in limine. Defendant additionally incorporates here the arguments made in his motion for judgment of acquittal, filed today. Defendant herein highlights only a few of the arguments favoring a new trial:

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. Proc. 33(a). New trials should be granted to avoid a miscarriage of justice. *United States v. Martinez*, 763 F.2d 1297, 1313 (11th Cir. 1985).

### I.      The absence of unanimity instructions denied Defendant a fair trial

Defendant requested that the Court provide the jury with unanimity instructions on Counts 1, 2, 3, and 5. The purpose of the unanimity instruction requests was, of course, to ensure that the Defendant could be found guilty only if the jury's verdict actually rested on a unanimous decision as to his guilt for each offense charged.

1

In Counts 1 and 2, the Government alleged multiple acts that it contends constitute obstruction of justice, including but not limited to:

- False and misleading statement to Captain Ross that Mr. Tur hadn't come to Defendant's residence on the night of January 9, 2015;

- False and misleading statement to Captain Ross that Mr. Turn came to Defendant's residence on the night of January 9, 2015, but didn't come inside;

- Concealing from Admiral Gray that Mr. Tur came to Defendant's residence on the night of January 9, 2015;

- Concealing from Admiral Jackson that Mr. Turn came to Defendant's residence on the night of January 9, 2015;

- Concealing from Admiral Gray that Defendant and Mr. Tur engaged in a physical altercation on the night of January 9, 2015;

- Concealing from Admiral Jackson that Defendant and Mr. Tur engaged in a physical altercation on the night of January 9, 2015; and

- Concealing from Navy personnel that Defendant and Mr. Turn had engaged in a physical altercation on the night of January 9, 2015.

Thus, the Government alleged numerous *different* acts, that occurred on *separate* occasions, that individually each potentially could have constituted obstruction of justice. The Government didn't merely allege different means of obstructing justice, but instead alleged a host of *different offenses*; these were separate events occurring at all different times.

An indictment such as the one in this case is duplicitous if it sets forth separate and distinct offenses in one count. *See United States v. Campbell,* 279 F.3d 392, 398 (6th Cir. 2002). Where an indictment is duplicitous, a "court can cure the error of duplicity by instructing the jury that it must come to a unanimous verdict in regard to either one offense or the other." *United States v. Adesida*, 129 F.3d 846, 846 (6th Cir. 1997).

"The overall vice of duplicity is that the jury cannot in a general verdict render its finding on each offense, making it difficult to determine whether a conviction rests on only one of the

offenses or on both." *United States. v. Washington,* 127 F.3d 510, 513 (6th Cir. 1997). "A general verdict of guilty will not reveal whether the jury found the defendant guilty of one crime and not guilty of the others, or guilty of all." *Id.*

With the general verdicts returned on Counts 1 and 2 (as well as Counts 3 and 5), it is impossible to determine what, if anything, the jury unanimously concluded.[1] Accordingly, a new trial is warranted on Counts 1, 2, 3, and 5.

## II.    18 U.S.C. § 1001 includes as an element that the defendant had the specific intent to mislead

In addition to the cases cited by Defendant at the charge conference (*United States v. Boffil-Rivera*, 607 F.3d 736 (11th Cir. 2010) and *United States v. Batista*, 558 Fed.Appx. 874, 877 (11th Cir. 2014) (unpublished)), the Eleventh Circuit on numerous occasions in recent years has made clear that § 1001 includes as an element of the offense that the defendant acted with a specific intent to mislead:

> *United States v. Richardson*, 732 Fed.Appx. 822, 828 (11th Cir. 2018) (unpublished): "The Government was required to prove "(1) that [Appellant] made a false statement; (2) that the statement was material; (3) that [Appellant] acted with specific intent to mislead; and (4) that the matter was within the purview of a federal government agency." *United States v. McCarrick*, 294 F.3d 1286, 1290 (11th Cir. 2002)."

> *United States v. Demaria*, 644 Fed.Appx. 933, 934 (11th Cir. 2016) (unpublished): "To sustain a conviction against a defendant for a violation of 18 U.S.C. § 1001, the government must prove: "(1) that the defendant made a false statement; (2) that the statement was material; (3) that the defendant acted with specific intent to mislead; and (4) that the matter was within the purview of a federal government agency." *United States v. McCarrick,* 294 F.3d 1286, 1290 (11th Cir.2002)."

---

[1] The same argument in this section equally applies for Counts 3 and 5. In Count 3, the Government alleged many of the same offenses as it alleged in Counts 1 and 2. In Count 5, the Government's allegations concern multiple different e-mails that Defendant wrote to Admiral Jackson and Admiral Gray.

*United States v. Williams*, 571 Fed.Appx. 887, 890 (11th Cir. 2014) (unpublished): "To sustain a conviction against a defendant for a violation of 18 U.S.C. § 1001, the government must prove: "(1) that the defendant made a false statement; (2) that the statement was material; (3) that the defendant acted with specific intent to mislead; and (4) that the matter was within the purview of a federal government agency." *United States v. McCarrick,* 294 F.3d 1286, 1290 (11th Cir.2002)."

The importance of this instruction for Defendant's defense on Counts 3, 6, and 7 is clear. A *very* substantial part of Defendant's theory of defense is that he lacked the requisite intent to be found guilty on any of the charged offenses. But without a specific intent to mislead instruction on Counts 3, 6, and 7, the jury was allowed to consider the evidence without having to consider Defendant's intent in making the statements at issue. Therefore, a new trial is warranted on Counts 3, 6, and 7.

WHEREFORE, Defendant requests that this Court grant a new trial on all counts of conviction.

Submitted on Jan. 31, 2020, by

s/ Daniel Schwarz                           Colby Vokey
Daniel Schwarz                              Texas Bar No. 24043391
FBN 84665                                   The Law Firm of Colby Vokey PC
245 SE 1st Street, Suite 404                6924 Spanky Branch Court
Miami, FL 33131                             Dallas, TX 75248
Phone: 305-900-0481                         Phone: 214-697-0274
Fax: 305-503-6973                           Fax: 214-594-9034
Daniel@danielschwarzlaw.com                 Email: vokeylaw@colbyvokey.com

Terence Lenamon
Fla. Bar No. 970476
Terence Lenamon P.A.
245 SE 1st Street, Ste. 404
Miami, FL 33131
Phone: 305-373-9911
Fax: 305-503-6973
Email: terry@lenamonlaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on Jan. 31, 2020, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF, and thereby served on all interested parties.

<u>s/ Daniel Schwarz</u>
Daniel Schwarz