UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA    )
                            )
        v.                  )    CASE NO. 3:19-cr-00001-TJC-PDB
                            )
JOHN R. NETTLETON,          )
                            )
        Defendant.          )

## GOVERNMENT'S RESPONSE
## TO DEFENDANT'S MOTION FOR A NEW TRIAL

## I.    INTRODUCTION

The United States of America, by and through undersigned counsel, respectfully submits this response to Defendant's Motion for New Trial Pursuant to Federal Rule of Criminal Procedure 33, Dkt. 130 ("Defendant's Motion"). For the reasons discussed herein and at any hearing before the Court, the Government respectfully submits that the motion should be denied.

## II.    PROCEDURAL BACKGROUND

On January 8, 2019, the Defendant, John R. Nettleton ("Defendant"), then a Captain in the U.S. Navy, was charged by a grand jury sitting in and for the Middle District of Florida in a ten-count Indictment (Dkt. 1) with one count of Obstruction of Justice, in violation of 18 U.S.C. § 1512(b)(3) (Count One); one count of Obstruction of Justice, in violation of 18 U.S.C. § 1512(c)(2) (Count Two); one count of Concealment of Material Facts, in violation of 18

U.S.C. § 1001(a)(1) (Count Three); two counts of Falsification of Records, in violation of 18 U.S.C. § 1519 (Counts Four and Five); and four counts of False Statement, in violation of 18 U.S.C. § 1001(a)(2) (Counts Six through Ten). Prior to trial, the Government dismissed Counts Six and Seven.   Dkt. 100.

Trial began on January 6, 2020.   On January 13, 2020, with the consent of the parties, the Court constructively amended the Indictment such that Count Eight became Count Six, Count Nine became Count Seven, and Count Ten became Count Eight.   Dkt. 107.   On January 17, 2020, the jury delivered a verdict finding that the Defendant was guilty of Counts One, Two, Three, Five, Six and Seven and not guilty of Counts Four and Eight.   Dkt. 127.

On January 31, 2020, the Defendant filed a Motion for New Trial Pursuant to Federal Rule of Criminal Procedure 33, Dkt. 130 ("Defendant's Motion").

## III.   <u>LEGAL STANDARD</u>

Federal Rule of Criminal Procedure 33 provides that, "[u]pon a defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."   FED. R. CRIM. P. 33(a) ("Rule 33").   The decision whether to grant a motion for a new trial falls "within the sound discretion of the trial court."   *United States v. Vicaria*, 12 F.3d 195, 198 (11th Cir. 1994) (internal quotation marks and alteration omitted).   Rule 33 motions

should be granted sparingly and with caution, *United States v. Hernandez*, 433 F.3d 1328, 1335 (11th Cir. 2005), and courts typically deny such motions absent a showing that there has been a "miscarriage of justice." *United States v. Martinez*, 763 F.2d 1297, 1312–13 (11th Cir. 1985).

The Defendant argues that the Court improperly instructed the jury by refusing to give the jury two instructions the Defendant requested. Defendant's Motion at 1-4.   The Eleventh Circuit has held that "an instruction that omits an element of the offense is harmless: '1) Where the infirm instruction pertained to a charge for which the defendant was acquitted (and not affecting other charges); 2) Where the omission related to an element of the crime that the defendant in any case admitted; [or] 3) Where the jury has necessarily found certain other predicate facts that are so closely related to the omitted element that no rational jury could find those facts without also finding the element.'" *United States v. Leonard*, 138 F.3d 906, 911 (11th Cir. 1998) (quoting *United States v. Rogers*, 94 F.3d 1519, 1526 (11th Cir. 1996) (brackets in original).

## IV.   DISCUSSION

The Defendant argues that he is entitled to a new trial based on the Court's refusal to accept his requests for (1) an instruction requiring the jury to unanimously agree on the "act" he engaged in for purposes of Counts One, Two, Three, and Five and (2) an instruction that included a specific intent to

3

mislead as an element of the violations of 18 U.S.C. § 1001 charged in Counts Three, Six and Seven.  Defendant's Motion at 1-3; *see also* Trial Tr. Jan. 15, 2020 [Dkt. 111] at 10-12, 14, 26, 32-35 (request for and rejection of a unanimity instruction as to Counts One, Two, Three and Five); *id*. at 26-28, 40-43, 144-45, 150-51 (request for and rejection of an instruction as to Counts Three, Six, and Seven that the defendant "acted for the purpose of misleading a federal department or agency"); Dkt. 55 at 6 n.2 (Defendant seeking the following instruction as to Count One: "If you do not unanimously agree as to what misleading conduct the Defendant knowingly engaged in, you cannot find him guilty."); *id*. at 13 n. 4, (Defendant seeking the following instruction as to Count Two: "If you do not unanimously agree as to what conduct the Defendant corruptly engaged in, you cannot find him guilty."); *id*. at 17 n. 7 (Defendant seeking the following additional element as to Count Three: "the Defendant acted for the purpose of misleading a department or agency of the United States."); *id*. at 18 n. 8, (Defendant seeking the following additional instruction as to Count Three: "If you do not unanimously agree as to what material fact the Defendant knowingly and willfully concealed, you cannot find him guilty."); *id*. at 25 n. 9 (Defendant seeking the following additional element as to renumbered Counts Six through Eight: "that the Defendant made the false

statement for the purpose of misleading a department or agency of the United

States.").

The Defendant's arguments should be rejected because the Court did not

err in refusing to provide his requested instructions.

> **A.    The Defendant's Arguments that Counts One, Two, Three, and Five Were Duplicitous and the Jury Should Have Been Given a Special Unanimity Instruction Should be Rejected because the Indictment Alleged Different Means of Committing the Same Offense, Not Different Offenses in Each Count.**

The Court instructed the jury that, "Your verdict, whether guilty or not

guilty, must be unanimous – in other words, you must all agree."   Dkt. 126 at

23.   Additionally, the Court instructed the jury that, "The Defendant can only

be found guilty of a specific count if you unanimously find he violated all of the

elements for that count."   *Id.* at 22.   The Defendant maintains that these

instructions were insufficient for Counts One, Two, Three, and Five because

the Court should have also given his requested instruction requiring the jury to

unanimously agree for each count on the particular act in which the Defendant

engaged.   Defendant's Motion at 1-3.   According to the Defendant, this

special unanimity instruction was required because those counts were

duplicitous.   Defendant's Motion at 2-3.   He argues the Indictment alleged

multiple "acts" in Counts One and Two that could constitute obstruction of

justice, multiple "acts" in Count Three that could have been concealment, and

multiple different emails in Count Five that could have been falsified records. *Id.*  With respect to Counts One and Two, the Defendant elaborated on this argument as follows: "[T]he Government alleged numerous *different* acts, that occurred on *separate* occasions, that individually each potentially could have constituted obstruction of justice. The Government didn't merely allege different means of obstructing justice, but instead alleged a host of *different offenses*; these were separate events occurring at all different times.   An indictment such is the one in this case is duplicitous if it sets forth separate and distinct offenses in one count."   Defendant's Motion at 2 (emphasis in original and citation omitted).

The Defendant's argument is incorrect and should be rejected because the counts were not duplicitous and a special unanimity instruction was not needed for any reason.

"A count in an indictment is duplicitous if it charges two or more 'separate and distinct offenses.'"   *United States v. Schlei*, 122 F.3d 944, 977 (11th Cir. 1997) (quoting *United States v. Burton*, 871 F.2d 1566, 1573 (11th Cir. 1989)). "A duplicitous count poses three dangers: '(1) A jury may convict a defendant without unanimously agreeing on the same offense; (2) A defendant may be prejudiced in a subsequent double jeopardy defense; and (3) A court may have difficulty determining the admissibility of evidence.'" *Id.* (quoting *United States*

*v. Wiles,* 102 F.3d 1043, 1061 (10th Cir.1996), *modified,* 106 F.3d 1516 (10th Cir.1997), *judgment vacated on other grounds, United States v. Schleibaum,* 522 U.S. 945 (1997)).

On the other hand, an indictment is not duplicitous merely because, as here, a count alleges different means of committing the charged offense.   *Wiles*, 102 F.3d at 1061 (finding no duplicity where the indictment merely alleged multiple means of committing a single offense) (cited with approval for this point in *Schlei*, 122 F.3d at 977); *see also United States v. Hurt*, 527 F.3d 1347, 1353 (D.C. Cir. 2008) ("[J]urors need not reach unanimity as to the means of committing a crime."); *United States v. Cromer,* 436 Fed. Appx. 490, 493 (6th Cir. 2011) ("Although a jury must unanimously find that the government has proven each element of a crime, it 'need not always decide unanimously which of several possible sets of underlying brute facts make up a particular element.'") (quoting *Richardson v. United States,* 526 U.S. 813, 817 (1999)); *Travis v. United States*, 247 F.2d 130, 134 (10th Cir. 1957), *rev'd on other grounds*, 364 U.S. 631, 81 S. Ct. 358 (1961) ("'Duplicity' in an indictment generally means the charging of two or more separate and distinct offenses in one count, not the charging of a single offense into which several related acts enter as ways and means of accomplishing the purpose.") (citing *Frankfort Distilleries v. United States*, 144 F.2d 824 (10th Cir. 1944), *rev'd on other grounds*, 324 U.S. 293 (1945).

While the "Due Process Clause recognizes a point at which distinct incidents go from being different means of committing the same crime, to being different crimes," *Hurt*, 527 F.3d at 1353, the Supreme Court has narrowly construed limitations on general verdicts to circumstances such as "novel 'umbrella' crimes (a felony consisting of either robbery or failure to file a tax return)" or a charge "so generic that any combination of jury findings of embezzlement, reckless driving, murder, burglary, tax evasion, or littering, for example, would suffice for conviction."  *Id.* (quoting *Schad v. Arizona*, 501 U.S. 624, 632-33, 650 (1991) (plurality opinion)).   As the Court has explained:

> We have never suggested that in returning general verdicts in such cases the jurors should be required to agree upon a single means of commission, any more than the indictments were required to specify one alone.   In these cases, as in litigation generally, "different jurors may be persuaded by different pieces of evidence, even when they agree upon the bottom line.   Plainly there is no general requirement that the jury reach agreement on the preliminary factual issues which underlie the verdict."

*Schad*, 501 U.S. at 631-32 (quoting *McKoy v. North Carolina*, 494 U.S. 433, 449 (1990) (Blackmun, J., concurring)).

Here, each of the alleged acts the Defendant performed are simply different means by which the Defendant could have obstructed justice, concealed material facts, or falsified records as charged in Counts One, Two, Three, and Five.   *Cf. United States v. Kayode*, 254 F.3d 204, 214 (D.C. Cir. 2001)

(no requirement for unanimity on which among various documents met a statutory threshold for possession of five false documents); *United States v. Harris*, 959 F.2d 246, 255 (D.C. Cir. 1992) (no requirement of unanimity for who among numerous people met a statutory threshold for five members of a criminal enterprise); *United States v. Lee*, 317 F.3d 26, 36-41 (1st Cir. 2003) (rejecting argument that statute prohibiting "possess[ion] [of] fifteen or more . . . counterfeit or unauthorized access devices," required unanimity as to the identity of fifteen specific devices); *United States v. Verrecchia*, 196 F.3d 294, 297-99 (1st Cir. 1999) (holding that conviction under 18 U.S.C. § 922(g)(1), which criminalizes the possession of "any firearm" by a previously convicted felon, does not require unanimity as to the specific firearm the defendant allegedly possessed, reasoning that jurors who agreed that the defendant possessed a firearm but disagreed as to which firearm he possessed nonetheless would be unanimous on the relevant element of the offense: possession of "any firearm").

Furthermore, Counts One, Two, Three, and Five charged obstruction, concealment, and falsification, which can be committed through numerous different acts over a period of time as part of a scheme without generating a duplicity problem. *See United States v. Sanford, Ltd.*, 859 F. Supp. 2d 102, 116 (D.D.C. 2012) ("[s]everal acts may be charged in a single count . . . if the acts represent a single, continuing scheme that occurred within a short period of time

and that involved the same defendant.") (quoting *United States v. Klat*, 156 F.3d 1258, 1266 (D.C. Cir. 1998) (holding that a series of threatening acts to multiple individuals over a period of six months constituted a common scheme over a short period of time, and the district court's general unanimity instruction was sufficient)); *see also United States v. Sayan*, 968 F.2d 55, 65-66 (D.C. Cir. 1992) ("In most cases a general instruction on unanimity suffices," and "a count charging a series of similar acts in furtherance of a fraudulent scheme falls into a single conceptual grouping that does not require a special unanimity instruction."); *United States v. Tutino*, 883 F.2d 1125, 1141 (2d Cir. 1989) ("acts that could be charged as separate counts of an indictment may instead be charged in a single count if those acts could be characterized as part of a single continuing scheme."); *United States v. Bryan*, 868 F.2d 1032, 1037-38 (9th Cir. 1989) (rejecting "argument that a single count alleging that the defendant schemed to defraud a variety of victims is necessarily duplicitous"); *United States v. Morse*, 785 F.2d 771, 774 (9th Cir. 1986) (rejecting duplicity challenge to an indictment alleging that four separate tax shelter ventures involving different victims comprised a single "scheme to defraud"); *United States v. Mastelotto*, 717 F.2d 1238, 1245 (9th Cir. 1983), *abrogated by United States v. Miller*, 471 U.S. 130 (1985) ("'[T]he defrauding of different people over an extended period of time, using different means and representations, may constitute but one scheme.'"

(internal citation omitted)).   "Indeed, Federal Rule of Criminal Procedure 7(c)(1) provides that '[a] count may allege . . . that the defendant committed [the offense] by one or more specified means.'"   *Sanford*, 859 F. Supp. 2d at 119 (quoting FED. R. CRIM. P. 7(c)(1)).

As with Counts One and Two, courts have held that charging specific events over a period of time is appropriate for obstruction of justice-related offenses.   *See Sanford,* 859 F. Supp. 2d at 118 ("Obstruction of justice, in its various statutory forms, may be charged by stating a continuous course of conduct or by stating in separate counts specific identified events occurring over a period of time.") (quoting *United States v. North*, 708 F. Supp. 372, 374 (D.D.C. 1988) ("Under federal law a prosecutor has considerable discretion in choosing whether to charge obstruction as a continuous course of conduct or as separate events.")); *United States v. Adams*, 150 F. Supp. 3d 32, 38 (D.D.C. 2015) (concluding that defendant was "not entitled to unanimity instruction on the particular means he employed to obstruct or impede the internal-revenue laws"); *United States v. Bikundi*, 2016 WL 912169, at *38 (D.D.C. Mar. 7, 2016) (upholding district court's refusal to issue a special unanimity instruction on the means defendant used to obstruct or impede internal revenue laws over a five-year period, noting that "a federal jury need not always decide unanimously which of several possible sets of underlying brute facts make up a particular

element, say, which of several possible means the defendant used to commit an element of the crime") (quoting *Richardson,* 526 U.S. at 817).

Similarly, as with Count Three, it is not duplicitous to charge more than one means of concealing material facts, in violation of 18 U.S.C. § 1001(a)(1), given that the statute anticipates a person can be charged for committing a concealment scheme.   *See, e.g.*, *United States v. Hubbell*, 177 F.3d 11, 14 (D.C. Cir. 1999) (indictment charging in one count numerous false statements and acts of concealment not duplicitous because the defendant's duplicity argument "makes sense only if § 1001 does not state an offense for a scheme crime – which it clearly does."); *United States v. Knapp*, 15 F.3d 1092, 1994 WL 20017, *1-2 (9th Cir. Jan. 26, 1994) (holding § 1001 charge was not duplicitous and a special unanimity instruction was not necessary, "[b]ecause Section 1001 defines only one offense, it is proper for the government to charge the different means, denounced disjunctively in the statute, conjunctively in each count of the indictment.   In the instant case the government merely listed the possible means, by trick, scheme, and device, in the indictment, and then listed the overt acts supporting its theory that defendant engaged in a *scheme* to conceal material facts from the government.") (citation and internal quotation marks omitted; emphasis in original); *Travis v. United States*, 247 F.2d 130, 134 (10th Cir. 1957), *rev'd on other grounds*, 364 U.S. 631 (1961) (§ 1001 charge of stating falsely in

affidavit that defendant was not a member of Communist party and that he was not affiliated therewith, stated two means of accomplishing one offense of false affidavit); *United States v. Menendez*, 137 F. Supp. 3d 688, 701 (D.N.J. 2015), *aff'd,* 831 F.3d 155 (3d Cir. 2016) (Section 1001 count, which accused defendant, a United States Senator, of engaging in a scheme to conceal gifts he received in a bribery conspiracy, by leaving the gifts off of financial disclosure forms, was not unconstitutionally duplicitous, even though the indictment alleged multiple affirmative acts of concealment, where the indictment charged a single scheme to conceal material facts about the gifts).

Finally, as with Count Five, it is not duplicitous for a single count alleging a violation of 18 U.S.C. § 1519 to include multiple different ways in which the written falsification, concealment, or omissions occurred, or for a court to refuse to require a jury to agree unanimously on the particular one of these events that occurred as long as they agree unanimously the statute was knowingly violated. *See, e.*g., *United States v. Schmeltz*, 667 F.3d 685, 688 (6th Cir. 2011) (holding that there was no duplicity or need for an instruction requiring jurors to unanimously agree on the particular false entry where defendant was charged under § 1519 with multiple false entries in a single report, because, "[j]urors could . . . disagree about what Schmeltz omitted from the reports while unanimously agreeing on the ultimate issue: that Schmeltz

knowingly falsified his Corrections Officer Report with the intent to impede a federal investigation.").

The Defendant here simply cannot establish that he was entitled to a special unanimity instruction with respect to Counts One, Two, Three and Five. *See United States v. Sanderson,* 966 F.2d 184, 187 (6th Cir. 1992) ("Ordinarily it is not necessary to give specific unanimity instructions unless 1) a count is extremely complex, 2) there is variance between the indictment and the proof at trial, or 3) there is a tangible risk of jury confusion.") (citation omitted). Accordingly, the Court did not err in refusing to instruct the jury as the Defendant requested.

### B. The Defendant Was Not Entitled to an Instruction that an Intent to Mislead is an Element of a Violation of 18 U.S.C. § 1001, and Even if He Was, that Element was Included in the Other Elements Given and it was Harmless Error Not to Instruct on it.

The Defendant argues that he is entitled to a new trial because the Court erred in refusing to include a specific intent to mislead as one of the elements of the violations of § 1001 charged in Counts Three, Six, and Seven. Defendant's Motion at 3-4. The Defendant's argument should be rejected because the Court properly instructed the jury on the elements of a violation of § 1001, including the *mens rea* element of acting "knowingly and willfully," Dkt. 126 at 8, 15-16, 20-21, and it was not necessary to instruct the jury that they had to

14

find that the Defendant had a "specific intent to mislead."   Indeed, the instructions given the jury for the § 1001 counts, such as the requirement they find the defendant acted "knowingly and willfully" for all the counts, *id.*, that they find the defendant used a "trick, scheme, or device . . . in a way intending to deceive others" in Count Three, *id.* at 16, and that they find the defendant made a "false" statement, meaning a statement that was "untrue when made and the person making it knows it is untrue" for Counts Six and Seven, *id.* at 21, encompassed the intent to mislead the Defendant was seeking in his proposed instruction.   Furthermore, even if an intent to mislead is an element of the offense on which the jury should have been instructed, that error was harmless as the jury's verdict necessarily demonstrated that they found the Defendant had an intent to mislead.

The Eleventh Circuit has directly addressed the *mens rea* elements of a § 1001 charge on at least four occasions, each of which was a published opinion, and each time it has found that a defendant must have acted only knowingly and willfully to be convicted of the offense.   *See United States v. Clay*, 832 F.3d 1259, 1308 (11th Cir. 2016) ("As to specific intent, § 1001 criminalizes false statements made knowingly and willfully[.]") (quotation marks and citation omitted)); *United States v. House*, 684 F.3d 1173, 1204 (11th Cir. 2012) ("Because '[s]pecific intent to defraud can be difficult to prove'… '[w]e have held that §

1001 convictions challenged on sufficiency of the evidence grounds can be affirmed based on a finding that a jury reasonably could infer from circumstantial evidence that the defendants acted *knowingly and willfully*.'") (internal citations omitted) (emphasis added); *Arthur Pew Const. Co. v. Lipscomb*, 965 F.2d 1559, 1576 (11th Cir. 1992) ("Violation of § 1001 requires proof of specific intent.   The misrepresentation or scheme must have been deliberate, *knowing and willful*, or at least with a reckless disregard of the truth and a conscious purpose to avoid telling the truth.") (emphasis added and citation omitted); *United States v. White*, 765 F.2d 1469, 1472 (11th Cir. 1985) (explaining that section 1001 has a knowing and willful requirement and "a statement under § 1001 must have been made with an intent to deceive, or designed to induce belief in the falsity.").

Most recently, in *Clay*, the Eleventh Circuit stated that, "To convict [the defendant] under § 1001, the government had to prove "(1) that a statement was made; (2) that it was false; (3) that it was material; (4) that is was made with *specific intent*; and (5) that it was within the jurisdiction of an agency of the United States." 832 F.3d at 1305 (emphasis added).   However, rather than simply listing "specific intent," without further explanation, *Clay* goes on to define what that term requires: "As to specific intent, § 1001 criminalizes false statements made 'knowingly and willfully'. . . The Supreme Court has said that,

16

to establish a willful violation of a statute, generally, 'the Government must prove that the defendant acted with knowledge that his conduct was unlawful.'" *Id.* at 1308 (internal citation omitted).   The Court also specifically endorsed a version of the instruction for a false statement charge under § 1001 that is nearly identical to what the Court gave here.   *Id.* at 1305 n. 22.[1]   Therefore, according to *Clay*, the Eleventh Circuit's most recent published opinion on the subject, a jury must only find the defendant acted knowingly and willfully to find he has met the intent element of a § 1001 count.[2]

---

[1]     Specifically, the Eleventh Circuit wrote:

As to the specific § 1001 charges in Counts 10 and 11, the district court instructed the jury that the government had to prove: (1) "the defendant made a statement as charged"; (2) "the statement was false"; (3) "the falsity concerned a material matter"; (4) "the defendant acted willfully knowing that the statement was false"; and (5) "the false statement was made or used for a matter within the jurisdiction of the department or agency of the United States." The court instructed that "[a] statement is false when made if it is untrue when made and the person making it knows it is untrue." On appeal, Clay does not challenge the court's charge as to § 1001. *To the extent Clay challenges the general part of the jury charge, his claims lack merit.*

*Clay*, 832 F.3d at 1305 n. 22 (emphasis added).

[2]     Other circuits have noted that the intent requirement in § 1001 is a finding the defendant acted knowingly and willfully.   *See, e.g.*, *United States v. White Eagle*, 721 F.3d 1108, 1116 (9th Cir. 2013) ("The district court properly instructed the jury that a conviction under 18 U.S.C. § 1001(a)(1) requires that: (1) the defendant had a duty to disclose material information, (2) the defendant falsified, concealed, or covered up such a fact by trick, scheme, or fraud, (3) the falsified, concealed, or covered up fact was material, (4) the falsification and/or

Notably, the Eleventh Circuit Pattern Jury Instructions list the elements of § 1001 as follows: "(1) the Defendant made the statement, as charged; (2) the statement was false; (3) the falsity concerned a material matter; (4) *the Defendant acted willfully, knowing that the statement was false*; and (5) the false statement was made or used for a matter within the jurisdiction of a department or agency of the United States."   Pattern Crim. Jury Instr. 11th Cir. OI O36 (2019) (emphasis added).   The Pattern Jury Instructions make no mention of "intent to mislead."   The Government is unable to find any indication that the Eleventh Circuit believes these Pattern Jury Instructions are incorrect or in need of revision.   Indeed, when upholding the instructions given in *Clay* the Eleventh Circuit even noted that the trial court gave its pattern instruction, as the Court did here for Counts Six and Seven (and also did for Count Three with only slight modifications to adjust it to the concealment prong of the statute). *See* 832 F.3d at 1308 (("Using the pattern instruction, the district court charged

concealment was knowing and willful, and (5) the material fact was within the jurisdiction of the Executive Branch."); *United States v. Moore*, 446 F.3d 671, 677 (7th Cir. 2006) ("We have identified five elements of a "false statements" charge under § 1001(a)(2), which, stated more generally, also apply to a scheme to conceal a material fact prohibited by § 1001(a)(1): (1) the defendant must make a statement, or have a duty to disclose the information; (2) the statement must be false, or there must be acts amounting to concealment; (3) the statement or concealed facts must be material; (4) the person must make the statement or conceal the facts knowingly and willfully; and (5) the statement or concealed information must concern a matter within the jurisdiction of a federal department or agency").

18

the jury that '[t]he word 'willfully' means that the act was committed voluntarily and purposefully with the intent to do something the law forbids, that is, with the bad purpose to disobey or disregard the law.'") (citing Pattern Crim. Jury Instr. 11th Cir. 9.1A (2010)).

The Defendant cites five Eleventh Circuit opinions in support of his argument that a specific intent to mislead is an element of a § 1001 offense, four of which are unpublished opinions and one of which is published but older than *Clay*.  Defendant's Motion at 3-4 (citing *United States v. Boffil-Rivera*, 607 F.3d 736 (11th Cir. 2010); *United States v. Richardson*, 732 Fed.Appx. 822, 828 (11th Cir. 2018) (unpublished); *United States v. Demaria*, 644 Fed.Appx. 933, 934 (11th Cir. 2016) (unpublished); *United States v. Batista*, 558 Fed.Appx. 874, 877 (11th Cir. 2014) (unpublished); *United States v. Williams*, 571 Fed.Appx. 887, 890 (11th Cir. 2014) (unpublished)).

The four unpublished Eleventh Circuit opinions the Defendant cites do not directly address the intent element of a § 1001 offense, but when providing an overall list of the elements of a § 1001 violation they do list a "specific intent to mislead" rather than that the defendant acted knowingly and willfully.  *See Batista*, 558 Fed.Appx. at 877; *Richardson*, 732 Fed.Appx. at 828; *Demaria*, 644 Fed.Appx. at 934; *Williams*, 571 Fed.Appx. at 890. [3]   All four of these

---

[3]      It should be noted that one of the cases cited by the Defendant, *United*

unpublished opinions quote a single case, *United States v. McCarrick,* 294 F.3d 1286, 1290 (11th Cir. 2002), when providing the list of elements that includes a "specific intent to mislead." *See id.* Yet *McCarrick* does not directly decide that a "specific intent to mislead" is an element of 18 U.S.C. § 1001. Rather, *McCarrick* simply regurgitates a list of elements for the offense: "(1) that the defendant made a false statement; (2) that the statement was material; (3) that the defendant acted with specific intent to mislead; and (4) that the matter was within the purview of a federal government agency." 294 F.3d at 1290. Beyond this list, there is no discussion in *McCarrick* of – nor even another mention of – "specific intent to mislead." What's more, in forming this list, *McCarrick* cites only one case – a Fifth Circuit case from 1993. In turn, this Fifth Circuit case, *United States v. Puente*, does not directly hold that "intent to mislead" is a required element of § 1001; indeed, the words "intent to mislead" do not appear in the case. Instead, *Puente* held that to satisfy the requisite intent element of § 1001, the defendant must have made a false statement deliberately

---

*States v. Batista*, lists the "specific intent to mislead" as one of the elements of § 1001, but then goes on to add the following: "The intent element of the statute can be met where the jury can reasonably infer from circumstantial evidence that the defendant acted knowingly and willfully." 558 Fed.Appx. at 877 (citing *United States v. Gafyczk,* 847 F.2d 685, 692 (11th Cir.1988) ("We have held that § 1001 convictions challenged on sufficiency of the evidence grounds can be affirmed based on a finding that a jury reasonably could infer from circumstantial evidence that the defendants acted knowingly and willfully.")).

or at least with reckless disregard for the truth.   *United States v. Puente*, 982 F.2d 156, 159 (5th Cir. 1993).[4]   Accordingly, in light of this provenance, the mention in the four unpublished Eleventh Circuit opinions the Defendant cites of a "specific intent to mislead" as part of a laundry list of elements rather than as direct holdings of the cases can hardly be considered to be a binding precedent requiring the Court to find it instructed in error and a new trial is necessary for the § 1001 convictions in Counts Three, Six, and Seven.

Furthermore, the one published opinion the Defendant cites, *United States v. Boffil-Rivera*, does not hold that a jury must be instructed that it must find a defendant acted with a "specific intent to mislead" to find him guilty of a § 1001 offense.   Instead, the issue in *Boffil-Rivera* was the meaning of "false" in the statute in order to find a defendant made a false statement.   607 F.3d at 741. The Eleventh Circuit resolved this matter by holding that, "For purposes of [§ 1001], the word 'false' requires an intent to deceive or mislead."   *Id.*

Even if a "specific intent to mislead" is an element of a violation of § 1001, that intent is encompassed in the definition of the "knowingly" and

---

[4]      In *Puente*, the defendant falsely certified on a public contract bid to the U.S. Department of Housing and Urban Development that he had never been convicted of a felony.   982 F.2d at 158.   The court found that, by signing the form without reading it, the defendant acted with reckless disregard for the truth and held that this satisfied the intent element of § 1001.   *Id.* at 159.

"willfully" intent element given by the Court, Dkt. 126 at 8, pursuant to the inclusion of those terms in the statute itself.   A defendant would certainly have acted with specific intent to mislead if he acted within the Court's definition of "knowingly," meaning "voluntarily and intentionally and not because of a mistake or accident," and "willfully," meaning, "voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law."

The Eleventh Circuit indicated that knowingly and willfully encompassed an intent to mislead or defraud in *House*, where when deciding "[t]he government also presented sufficient evidence that House had the intent to deceive when he made the false statements charged," the court reasoned that "[s]pecific intent to defraud can be difficult to prove . . . [w]e have held that § 1001 convictions challenged on sufficiency of the evidence grounds can be affirmed based on a finding that a jury reasonably could infer from circumstantial evidence that the defendants acted knowingly and willfully . . . . Circumstantial evidence support that inference here."   684 F.3d at 1204 (internal quotation marks and citations omitted).[5]

---

[5]   The case that is the at the root of the other cases the Defendant cites, *United States v. McCarrick*, also demonstrates that knowingly and willfully encompasses an intent to deceive or mislead.   In *McCarrick*, the defendant obtained a bank loan from the Small Business Administration (SBA) to expand his automobile repair business, and was convicted in the district court of bank

Furthermore, other parts of the instructions the Court gave the jury for Counts Three, Six, and Seven encompassed a specific intent to mislead. The Court instructed the jury with respect to Count Three, the § 1001(a)(1) concealment charge, that the meaning of the element that a defendant "concealed a fact by a trick, scheme, or device" was that he was "acting in a way intended to deceive others. The Government doesn't have to show that the Governmental agency or department was, in fact, deceived or misled." Dkt. 126 at 16. The Defendant could not have "intended to deceive others" if he did not also have a specific intent to mislead. Moreover, the limiting example the Court provided even demonstrated to the jury that this element of

---

fraud and making a false statement to a government agency in this loan application. 294 F.3d at 1288. The defendant appealed, arguing that there was insufficient evidence to establish that he had specific intent to defraud the bank and the SBA at the time he signed the loan documents. *Id*. at 1289. The defendant argued that, at the time he made the loan application, he did so genuinely and actually intended to use the money to buy equipment to expand his business; it was only subsequently that he ran into financial trouble and did not use the money for the equipment. *Id*. at 1291. On appeal, the court found for the defendant because the evidence supported the defendant's lack of a specific intent to defraud the bank at the time he submitted the loan documents. *Id*. at 1290. Therefore, when put in the traditional phraseology of acting "knowingly" and "willfully," when submitting the loan application intending to use the money for equipment, the defendant in *McCarrick* did not "act voluntarily and intentionally" or "voluntarily and purposely, with intent to do something the law forbids; that is with the bad purpose to disobey or disregard the law." *See* Dkt. 126 at 8. On the other hand, if the defendant in *McCarrick* had meant to defraud the bank by misleading it under the guise his application was to buy equipment, he would have also acted knowingly and willfully.

concealment through a trick, scheme or device included an intent to mislead by clarifying that the Defendant did not have to be successful in deceiving or misleading the agency or department.

Similarly, with respect to Counts Six and Seven, the § 1001(a)(2) false statement charges, the Court instructed the jury that the meaning of the element that the defendant made a "statement [that] was false" was that "it was "untrue when made and the person making it knows it is untrue," and that the "Government doesn't have to show that the Governmental agency or department was, in fact, deceived or misled." *Id.* at 21. The Defendant could not have made a statement that was untrue at the time he made it and that he knew was untrue unless he had a specific intent to mislead.[6] Moreover, the limiting example the Court provided demonstrated to the jury that this "false" statement element included an intent to mislead by clarifying that the Defendant

---

[6] Similarly, in *Boffil-Rivera* the question of whether the defendant made a "false" statement "with specific intent" turned on whether the defendant intended to deceive immigration agents when he denied ever having a firearm or having anything to do with a firearm, even though a gun was found in a vehicle in which he was riding with another person and the defendant had connections to the gun, including holding it in pictures, where the defendant claimed he thought customs agents only wanted to know whether he had bought, sold, or shot a gun. 607 F.3d at 739, 741. The court found that a reasonable jury could have concluded from the evidence of the defendant's connections to the gun that he "intentionally lied to ICE agents when they asked whether he had a gun." *Id.*

did not have to be successful in deceiving or misleading the agency or department.

For these same reasons, even if the words "intent to mislead" or "specific intent to mislead" should have been included in the jury instructions for Count Three, the omission constitutes harmless error.   The Supreme Court has explicitly stated that an erroneous jury instruction which omits an element of the offense is subject to harmless error analysis.   *Neder v. United States*, 527 U.S. 1, 12 (1999) ("The issue here, however, is not whether a jury instruction that omits an element of the offense was error (a point that is uncontested[)], but whether the error is subject to harmless-error analysis. We think our decisions . . . dictate the answer to that question.") (internal citations omitted); *see also United States v. House*, 684 F.3d 1173, 1196–97 (11th Cir. 2012) ("Jury instructions are subject to harmless error review. . . . An error is harmless if the reviewing court is satisfied beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.") (internal quotation marks and citations omitted); *United States v. Fern*, 155 F.3d 1318, 1327 (11th Cir. 1998) (noting that "improperly instructing the jury on an element of an offense [is] an error that is subject to harmless error analysis.") (citations omitted); *Leonard*, 138 F.3d at 911 (Jury instruction which erroneously defined "carrying," an element of the 18 U.S.C. § 924(c) charge at issue, was harmless, where jury was

instructed defendant had to "possess" the pistol and defendant was driving the vehicle containing the pistol, so "[h]ad the jury been properly instructed," it would have convicted the defendant of carrying the pistol.).   Here, the error, if any, was harmless given the other *mens rea* elements that the jury was instructed on for Counts Three, Six, and Seven, as discussed above.   Furthermore, the jury instructions given for Count One, a violation of 18 U.S.C. §§ 1512 (b)(3), required the jury to conclude beyond a reasonable doubt that the defendant had an intent to mislead others in order to prevent them from reporting evidence of a crime to federal law enforcement.   Dkt. 126 at 10-11.   The same concealment and false statements at issue in Counts Three, Six, and Seven were also part of the conduct charged in Count One, and so consideration of defendant's intent to mislead was inherent in the jury's deliberation and verdict. Therefore, omission of the words "intent to mislead" from the elements listed in the jury instructions for Counts Three, Six, and Seven did not affect the outcome of the trial and should be considered harmless error that is not a "miscarriage of justice" warranting a new trial under Rule 33.   *See Martinez*, 763 F.2d at 1312–13.

## V.   <u>CONCLUSION</u>

The Defendant received a fair trial in which the jury was appropriately instructed by the Court.   Accordingly, the Defendant's motion should be

denied.

<div style="margin-left:40%">

Respectfully submitted,

___*/s/ Todd Gee*_____
TODD GEE
Deputy Chief
Todd.Gee2@usdoj.gov
PETER M. NOTHSTEIN
Senior Litigation Counsel
Peter.Nothstein@usdoj.gov
Public Integrity Section
Criminal Division
U.S. Department of Justice
1331 F Street NW
Washington, DC, 20005
Telephone:   (202) 514-1412


DATED:   February 28, 2020

</div>

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record for the defendant.

Dated: February 28, 2020                    /s/ Todd Gee
                                            Todd Gee
                                            Deputy Chief
                                            Peter M. Nothstein
                                            Senior Litigation Counsel
                                            Public Integrity Section
                                            Criminal Division
                                            U.S. Department of Justice